

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2009

# Thomas Washam v. Louis Stesis

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3869

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

### Recommended Citation

"Thomas Washam v. Louis Stesis" (2009). *2009 Decisions*. Paper 1551.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1551

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-121                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3869

THOMAS S. WASHAM,
                                        Appellant

v.

LOUIS G. STESIS;
DEBORAH GASTON;
KAREN J. CUBA, IN THEIR OFFICIAL
AND INDIVIDUAL CAPACITIES

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-2907)
District Judge:  Honorable Lawrence F. Stengel

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 5, 2009

Before:  BARRY, AMBRO and SMITH, Circuit Judges

(Opinion filed: April 10, 2009)

OPINION

PER CURIAM

Thomas Washam, a prisoner proceeding pro se, appeals the decision of the District

Court granting the Defendant-Appellees' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). We agree with the decision of the District Court and will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

I

In October 1987, Washam was convicted in the Delaware County Court of Common Pleas (DCCCP) of first-degree murder, for which he was sentenced to life imprisonment. He received no relief on direct appeal and, between 1991 and 2006, filed several petitions for post-conviction relief, both at the state and federal levels. All such petitions were denied or dismissed.

In August 2007, Washam filed a civil rights action pursuant to 42 U.S.C. § 1983. Washam's complaint alleges that his constitutional rights were violated by the "malfeasance" of Louis Stesis, a Delaware County Assistant District Attorney; the "nonfeasance" of Deborah Gaston, the Director of the Office of Judicial Support for the DCCCP; and the "misfeasance" of Karen Cuba, the Administrator of the Jury Commission for the DCCCP. In effect, Washam argues that the Defendants' acts amount to a Batson violation. Stesis, followed by Gaston and Cuba, filed motions to dismiss Washam's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the District Court granted. Washam filed a timely notice of appeal.

II

A federal court must dismiss the complaint or appeal of a plaintiff proceeding *in*

*forma pauperis* if the action is "frivolous." 28 U.S.C. § 1915(e)(2). The United States Supreme Court clarified this standard in Neitzke v. Williams, 490 U.S. 319 (1989), stating that a complaint is frivolous "where it lacks an arguable basis either in law or fact." 490 U.S. at 325.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court order granting the Rule 12(b)(6) motions. See McGovern v. Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). "We accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in [Washam's] favor." Id. Because Washam is proceeding pro se, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 521 (1972). "The District Court's judgment is proper only if, accepting all factual allegations as true and construing the complaint in the light most favorable to [Washam], we determine that [Washam] is not entitled to relief under any reasonable reading of the complaint." McGovern, 554 F.3d at 115.

The District Court reasoned that Washam's § 1983 complaint is barred on three grounds. First, Washam's claim is barred by the statute of limitations. A two-year statute of limitations applies to § 1983 claims arising from conduct in Pennsylvania. See Sameric Corp. of Delaware, Inc. v. Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). A § 1983 "cause of action accrues when the plaintiff knew or should have known of the injury upon which [the] action is based." Id. The District Court determined that because Washam seeks relief based on an alleged Batson violation at his 1987 murder trial, his

3

complaint was filed long after the expiration of the limitations period. We agree.

We also agree with the District Court's determination that Washam's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, a plaintiff may not pursue a claim under § 1983 for actions that would directly or implicitly call into question the validity of his conviction unless he demonstrates that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Because Washam's § 1983 complaint seeks relief for conduct that he alleges resulted in an improper conviction due to a Batson violation, and because that conviction still stands, dismissal under Rule 12(b)(6) is appropriate.

Finally, the District Court reasoned that Washam's claim must be dismissed because all three defendants are entitled to immunity. Defendants Gaston and Cuba are entitled to judicial or quasi-judicial immunity, which applies to court staff acting in their official capacities. See Marcedes v. Barrett, 453 F.2d 391, 391 (3d Cir. 1971). Likewise, because prosecutors have absolute immunity from civil suits under § 1983 for their performance of typical prosecutorial functions and activities, Defendant Stesis is entitled to prosecutorial immunity.[1] See Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993);

---

[1]Notably, Stesis was not even the prosecutor involved in Washam's murder trial. Rather, he represented the Commonwealth of Pennsylvania in Washam's PCRA proceedings.

4

Impler v. Pactman, 424 U.S. 409, 430 (1976). We agree with the District Court.

Accordingly, Washam's complaint "lacks an arguable basis [] in law," Neitzke v.

Williams, 490 U.S. 319, 325 (1989), and we will dismiss it pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i).[2]

---

[2]Washam also seeks to appeal the District Court's denial of his "motion in opposition" to the Defendants' Rule 12(b)(6) motions. The District Court correctly denied his motion as moot because the Rule 12(b)(6) motions were granted one month prior to Washam's opposition, and concluded that his motion could not be construed as a motion to reconsider under Fed. R. Civ. P. 59(e) because it was untimely. As such, an appeal from that order would also be frivolous under Neitzke.