LENORE DER WEER as Personal Representative of the ESTATE OF JOHN DER WEER, Plaintiff

v.

HESS OIL VIRGIN ISLANDS CORPORATION; AMERADA HESS CORPORATION; LITWIN CORPORATION; RARITAN SUPPLY COMPANY, Individually and as Successor-in-Interest to BRIDGE SUPPLY COMPANY; MADSEN & HOWELL, INC.; UNION PUMP COMPANY; GARLOCK, INC.; FOSTER WHEELER CORPORATION, Individually and as Successor-in-Interest to FORTY-EIGHT INSULATIONS, INC.; 3M a/k/a MINNESOTA MINING & MANUFACTURING COMPANY; WESTINGHOUSE ELECTRIC CORPORATION; INGERSOLL RAND CORPORATION; ALLTITE GASKET COMPANY; UNIVERSAL OIL PRODUCTS also known as U.O.P.; CBI COMPANY, LTD., HARBISON-WALKER REFRACTORIES; FLUOR DANIEL, Individually and as Successor-in-Interest to FLUOR ENGINEERS & CONSTRUCTORS, INC.; FLUOR ENGINEERS & CONSTRUCTORS, INC.; FLUOR CORPORATION; A.P. GREEN INDUSTRIES, INC., Individually and as Successor-in-Interest to A.P. GREEN REFRACTORIES COMPANY; TUTHILL CORPORATION, Individually and as Successor-in-Interest to COPPUS MURRAY GROUP and/or COPPUS TURBINES; MOBIL OIL CO.; JOHN CRANE PACKING CO. also known as CRANE PACKING COMPANY; RUBBER & GASKET CO. OF PUERTO RICO; and SHELL OIL CORPORATION, Defendants

LITWIN CORPORATION, Third-Party Plaintiff

v.

VIRGIN ISLANDS INDUSTRIAL MAINTENANCE CORPORATION; BIGELOW-LIPTAK; RESAL, INC.; PORTILLA CORPORATION; PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP INC.; STUBBS-OVERBECK, INC.; RIGGERS & ERECTORS INTERNATIONAL, INC.; KELLOGG BROWN & ROOT, Individually and as Successor-in-Interest to BROWN & ROOT OVERSEAS, INC.; THE LUMMUS COMPANY; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; and JOHN DOE 4, Third-Party Defendants

SX-2005-cv-274

Superior Court of the Virgin Islands

Division of St. Croix

March 21, 2014

THOMAS ALKON, ESQ., Thomas Alkon, P.C., Christiansted, USVI; JERRY HUDSON EVANS, ESQ., GORDON RHEA, ESQ., Richardson Patrick Westbrook & Brickman, LLC, Mt. Pleasant, Superior Court, *For Estate of John Der Weer*.

BRITAIN H. BRYANT, ESQ., SUNSHINE S. BENOIT, ESQ., Bryant Barnes Blair & Benoit, LLP, Christiansted, USVI; WALTER G. LATIMER, ESQ., Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Miami, FL, *For Hess Oil Virgin Islands Corporation and Amerada Hess Corporation*.

W. MARK WILCZYNSKI, ESQ., Law Offices of W. Mark Wilczynski, St. Thomas, USVI, *For Litwin Corporation, John Crane Packing Company, and Madsen & Howell, Inc.*

JAMES L. HYMES, III, ESQ., Law Offices of James L. Hymes, III, P.C., St. Thomas, USVI, *For Litwin Corporation, Foster Wheeler Corporation, and Westinghouse Electric Corporation.*

RICHARD H. HUNTER, ESQ., Hunter & Cole, Christiansted, USVI, *For Universal Oil Products, Raritan Supply Company, and Tuthill Corporation.*

SIMONE R.D. FRANCIS, ESQ., Ogletree, Deakins, Nash, Smock & Stewart, LLC, St. Thomas, USVI, *For 3M.*

DOUGLAS L. CAPDEVILLE, ESQ., MIA L. WOODARD, ESQ., Law Offices of Douglas L. Capdeville, P.C., Christiansted, USVI, *For Alltite Gasket Company.*

WILFREDO A. GEIGEL, ESQ., Law Offices of Wilfredo A. Geigel, Gallows Bay, USVI, *For Rubber & Gasket Co. of P.R.*

JOHN H. BENHAM, ESQ., Law Office of Benham & Chan, St. Thomas, USVI, *For Ingersoll-Rand Corporation, Fluor Daniel, Fluor Engineers & Constructors, and Fluor Corporation.*

KEVIN A. RAMES, ESQ., K.A. Rames, P.C., Christiansted, USVI, *For Mobil Oil Company and Shell Oil Corporation.*

MICHAEL J. SANFORD, ESQ., THOMAS G. KRAEGER, ESQ., Sanford, Amerling & Associates, Christiansted, USVI, *For Union Pump Company, Garlock, Inc., Riggers & Erectors International, Virgin Islands Industrial Maintenance Corporation, and Resal, Inc.*

HAYLEY M. COTTER, ESQ., Hodge & Hodge, St. Thomas, USVI, *For CBI Company, Ltd. and Parson Infrastructure & Technology Group, Inc.*

CAROL G. HURST, ESQ., Carol G. Hurst, P.C., St. Thomas, USVI, *For Bigelow-Liptak Corporation.*

BERNARD C. PATTIE, ESQ., Law Offices of Bernard C. Pattie, P.C., Christiansted, USVI, *For Stubbs-Overbeck, Inc.*

DONOHUE, *Judge*

## MEMORANDUM OPINION

(March 21, 2014)

■ **BEFORE THE COURT** is Defendant/Third-Party Plaintiff Litwin Corporation's motion to strike Plaintiff Estate of John Der Weer's claim for punitive damages. Co-Defendants John Crane Packing Company, Amerada Hess Corporation, Hess Oil Virgin Islands Corporation, Alltite Gasket Company, Rubber & Gasket Company of Puerto Rico, Madsen &

Howell, Inc., Universal Oil Products, Raritan Supply Company, and Tuthill Corporation subsequently joined in Litwin's motion to strike. The Estate did not file an opposition. For the reasons stated below, the Court will grant the motion and strike the Estate's demand for punitive damages.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

John Der Weer passed away from lung cancer on September 12, 2003 after working over thirty years at the oil refinery on St. Croix. On August 16, 2004, his widow, Lenore Der Weer, filed a miscellaneous probate matter in the Family Division of the Superior Court, which was docketed as SX-2004-fm-020 and captioned *In re: Petition for Appointment of Lenore Der Weer as Personal Representative of the Estate of John Der Weer, Deceased.* Through this miscellaneous probate matter Der Weer requested appointment as personal representative of her husband's estate so she could then file a wrongful death action as well as a survival action against all parties that may have been responsible for her husband's death. The Family Court granted the petition and in a September 7, 2004 Order appointed Lenore Der Weer as personal representative of the estate of John Der Weer "for the purposes of initiating a wrongful death action on behalf of the Estate, heirs and survivors of John Der Weer, and prosecuting a survival action."

On May 6, 2005, the Estate, through Der Weer as its Personal Representative, filed an action in the Civil Division of the Superior Court for wrongful death against thirty Defendants who the Estate alleges were directly or indirectly responsible for exposing John Der Weer to asbestos and other toxic substances at the refinery. This exposure, the Estate alleges, subsequently caused Der Weer's lung cancer and eventual death. The Estate seeks damages for itself and for Lenore Der Weer and the adult children of John Der Weer, who comprise his survivors as defined by section 76(b)(1) of title 5 of the Virgin Islands Code. In addition to compensatory damages, the Estate also seeks punitive damages, claiming that the actions of all thirty Defendants were so outrageous that they

---

[1] Although labeled as a "claim" for punitive damages in the complaint, punitive damages is not a separate cause-of-action, but rather a demand for a certain type of damages. *See, e.g.*, *Anthony v. FirstBank V.I.*, 58 V.I. 224, 227 n.4 (2012). Accordingly, the Court will refer to the Estate's "claim" as a demand throughout this Opinion.

should be punished by an award of punitive damages in order to deter them from engaging in such conduct in the future.

Of the thirty Defendants, all but Foster Wheeler Corporation, Westinghouse Electric Corporation, A.P. Green Industries, and Harbison-Walker Refractories appeared and filed answers. In its Answer, Defendant Hess Oil Virgin Islands Corporation's ("HOVIC") asserted counterclaims[2] against Raritan Supply Company, Madsen & Howell, Union Pump Company, Westinghouse Electric Company, Garlock, Foster Wheeler Corporation, 3M, the Fluor Defendants, Tuthill Corporation, Universal Oil Products, Alltite Gasket Company, John Crane Packing Company, Rubber & Gasket Company, and Chicago Bridge & Iron, N.V.[3] for common law contribution and indemnification, contractual indemnification, and breach of contract. Universal Oil Products, Raritan Supply Company, and Tuthill Corporation similarly asserted counterclaims in their Answers against HOVIC and Amerada Hess Corporation ("Hess Defendants") and Litwin for common law contribution and indemnification. Litwin also sought indemnification and contribution but by way of a third-party complaint, adding as Third-Party Defendants Virgin Islands Industrial Maintenance Corporation, Bigelow-Liptak, Resal, Inc., Portilla Corporation, Parsons Infrastructure & Technology Group, Inc. ("PITGI"),[4] Stubbs-Overbeck, Inc., Riggers & Erectors, Inc., Kellogg Brown & Root, individually and as successor-in-interest to Brown & Root Overseas, Inc., The Lummus Company, and

---

[2] HOVIC, like other Defendants and Third-Party Defendants, captioned its claims as crossclaims, (see Hess Defs. Answer & Cross-cls., filed July 18, 2005), which are "claim[s] asserted between codefendants or coplaintiffs in a case." BLACK'S LAW DICTIONARY 433 (9th ed. 2009). However, in the Superior Court "[a]ll claims in the nature of recoupment, set-off, cross-action, or any other claim for relief," are called counterclaims, see SUPER. CT. R. 34, and therefore, the Court will refer to such claims as counterclaims throughout this Opinion.

[3] In a February 18, 2014 Order entered *nunc pro tunc* to November 7, 2005, the Court granted a motion filed by CBI Company, Ltd. to substitute itself as the real party in interest in place of Chicago Bridge & Iron, N.V., which was improperly named in the Estate's complaint. HOVIC agreed with CBI Company's request in a November 17, 2005 Reply, but expressly reserved the right to amend its counterclaims to name the correct party. To date, HOVIC has not filed an amended answer and, therefore, the Court lists this co-Defendant as originally named in HOVIC's Answer and Crossclaim.

[4] In a February 18, 2014 Order entered *nunc pro tunc* to August 29, 2005, the Court granted a stipulation between to substitute Parsons Infrastructure & Technology Group, Inc. in place of Parsons Corporation as the real party in interest.

four entities captioned fictitiously as John Does 1 through 4.[5] Third-Party Defendants Bigelow-Liptak, Stubbs-Overbeck, and PITGI appeared and denied liability as did Riggers & Erectors, Virgin Islands Industrial Maintenance Corporation, and Resal who also asserted counterclaims against Litwin for contribution and indemnification.

After the parties had proceeded with discovery, Litwin filed a motion on April 21, 2009 to strike the Estate's demand for punitive damages, which John Crane joined the same day, followed by the Hess Defendants on April 30, 2009, Alltite Gasket Company on May 4, 2009, Rubber & Gasket Company on May 6, 2009, Madsen & Howell on May 28, 2009, and Universal Oil Products and Tuthill Corporation on September 9, 2009. The Estate did not file an opposition to Litwin's motion to strike or to any of the other Defendants' joinder in that motion.

Subsequently, the Court scheduled this matter for a pretrial conference on March 6, 2014 with jury selection and trial to begin during the last week of April 2014. In advance of the pretrial conference, the Court identified various motions — including Litwin's April 21, 2009 motion to strike punitive damages claim — that had not been ruled on or withdrawn and then ordered the parties to inform the Court whether any of the pending motions had been resolved or would require a ruling before trial. In a February 25, 2014 Response to the Court's February 20, 2014 Order, the Estate respectfully submitted that Litwin's motion to strike became moot once the Court denied the "identical motion" Litwin filed in another case, *Estate of Ettienne v. Hess Oil Virgin Islands Corporation*, SX-2005-cv-583. The Estate also attached a copy of the order entered in *Ettienne* to its Response. Litwin concurred with the Estate in its March 3, 2014 Response, stating that it also believed that its April 21, 2009 motion to strike was rendered moot by the Court's decision in *Ettienne*. None of the Defendants who joined Litwin's motion to strike responded to the Estate's or Litwin's respective positions that Litwin's motion to strike was moot.

At the March 6, 2014 pretrial conference, counsel for the Estate informed the Court that it expected to further settle its claims against

---

[5] Litwin voluntarily dismissed its claims against Third-Party Defendant The Lummus Company on January 30, 2006 and against Third-Party Defendants Portilla Corporation and Kellogg Brown and Root on March 6, 2014. In a March 13, 2014 Order, the Court dismissed Third-Party Defendants John Does 1-4 for failure to comply with Superior Court Rule 26, which governs the use of a fictitious name when a defendant's true name is unknown.

Litwin, Universal Oil Products, and Union Pump Company, leaving only its claims against the Hess Defendants for trial. Counsel for Litwin Corporation again concurred with the Estate and represented further that it also anticipated resolving all of its third-party claims against all Third-Party Defendants. These representations were confirmed when Litwin filed a March 13, 2014 Notice, informing the Court that it has "amicably resolved" the Estate's claims against it as well as its claims against the Third-Party Defendants, and therefore "all pending motions by or against it are rendered moot." Defendant Universal Oil Products also stated in a March 21, 2014 Notice that all claims by and against it have been resolved.

## DISCUSSION

■ Before addressing the merits of Litwin's motion to strike the Estate's demand for punitive damages, the Court must first determine whether the motion is in fact pending. In general, every motion filed remains pending until "ruled upon, dismissed, or withdrawn." 56 AM. JUR. 2D *Motions, Rules, and Orders* § 31 (2010). The Court has not ruled on Litwin's April 21, 2009 motion to strike nor has it been dismissed, so therefore the motion would be pending unless Litwin has withdrawn it. While Litwin did state in its March 3, 2014 Response that it "believes . . . . that this motion was rendered moot," Litwin did not represent in that Response *that it no longer requires a ruling on its motion to strike or that it no longer opposes the Estate's demand for punitive damages.* Instead, Litwin explained that it believed that its motion to strike essentially became moot once this Court denied the same motion in another case. Nothing in that response indicates an intent to "take back" the motion to strike or "retreat from" it. See BLACK'S LAW DICTIONARY 1739 (9th ed. 2009). For this reason, the Court does not find that Litwin has withdrawn its motion to strike. Therefore, the motion to strike remains pending.

■ Because Litwin's motion to strike is technically still pending, the Court must next decide whether the motion has become moot as both the Estate and Litwin suggested.[6] A motion becomes moot when something

---

[6] The Court notes that the term "moot" when used in reference to the "mootness doctrine," "represents a non-jurisdictional claims processing rule that is subject to waiver" in Virgin Islands courts. *In re Joseph*, S. Ct. Civ. No. 2013-0015, 2013 V.I. Supreme LEXIS 14, *8 (V.I. Apr. 5, 2013) (citing *Vazquez v. Vazquez*, 54 V.I. 485, 489 n.1 (V.I. 2010)). Here, however, the

occurs after a motion is filed that resolves the issues raised in that motion. *See, e.g., Miller v. N.W. Region Library Bd.*, 348 F. Supp. 2d 563, 573 (M.D.N.C. 2004) (denying motion to compel as moot because the documents requested had already been provided); *Levine v. N. Am. Mortg.*, 188 F.R.D. 320, 332 (D. Minn. 1999) (denying as moot motion for summary judgment on class-wide basis because motion to certify a class was previously denied). *Accord Greenway v. Schriro*, 653 F.3d 790, 796 (9th Cir. 2011) (noting that motion to recuse was denied as moot because judge was no longer on the bench); *Washam v. Stesis*, 321 Fed. Appx. 104, 106 n.2 (3d Cir. 2009) (affirming denial as moot of untimely-filed opposition because the trial court previously granted motion to dismiss); *Sachs v. Exxon Co., USA*, 9 Cal. App. 4th 1491, 12 Cal. Rptr. 2d 237, 240 & n.2 (Ct. App. 1992) (noting that trial court denied motion for judgment on the pleadings as moot because motion for summary judgment had been granted). *Cf. Coburn v. Auto-Owners Ins. Co.*, 189 Ohio App. 3d 322, 938 N.E.2d 400, 416 (2010) (reversing denial of motions to compel as moot because summary judgment was being reversed). In other words, when the court's decision on a pending motion will be "hypothetical or academic" or without any "practical significance," BLACK'S LAW DICTIONARY 1099 (9th ed. 2009), then the motion is moot. *See, e.g., Oparaji v. N.E. Auto-Marine Terminal*, 437 Fed. Appx. 190, 193 n.1 (3d Cir. 2011) ("A motion is moot when a court is unable to fashion any form of meaningful relief"); *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 489 S.E.2d 99, 104 (1997) ("A motion is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." (internal quotation marks and citation omitted)). In that instance, the motion should be dismissed or denied as moot because a decision will have no practical impact in the case however the court decides the motion.

■ Here, Litwin is correct that its motion to strike has become moot because ruling on that motion will not have any effect since Litwin and the Estate have amicably resolved all claims against Litwin. At trial the jury will not have to decide whether Litwin wrongfully caused John Der Weer's death nor whether to award punitive damages against Litwin.

term "moot" is used in the sense of something being academic or hypothetical rather than in the context of whether a Virgin Islands court has authority to preside over a case that does not present an actual controversy.

Therefore, deciding whether to grant Litwin's motion and strike the Estate's demand for punitive damages is academic or hypothetical as to Litwin because Litwin is no longer at risk of being found liable to the Estate or punished by the jury. Similarly, because Litwin has settled its third-party complaint against all Third-Party Defendants, the jury also will not have to decide whether any of the third-party defendants should reimburse, or contribute, to whatever Litwin paid to the Estate to settle the Estate's claims. Therefore, the motion is also moot as to Litwin's third-party claims. In short, once Litwin informed the Court that it had resolved all claims to which it was a party, its April 21, 2009 motion to strike the Estate's demand for punitive damages became moot.

But Litwin failed to note — either in its March 3, 2014 Response to the Court's February 20, 2014 Order regarding pending motions, or in its March 14, 2014 Response regarding the resolution of all claims to which it was a party — that nine other Defendants had joined in its motion to strike the Estate's demand for punitive damages. When other parties join a motion that motion remains pending as to all parties who joined even if the party who originally filed the motion is later dismissed or moves to withdraw the motion. *Cf. Harrigan v. Mason & Winograd, Inc.*, 121 R.I. 209, 397 A.2d 514, 516-17 (1979) ("when a motion made by one or more defendants is not joined in by the other defendants and the complaint is dismissed without specifying that it is dismissed only as to the moving defendants, it will ordinarily be construed as a dismissal only as to those moving defendants."); *Kostecki v. Dominick's Finer Foods, Inc. of Ill.*, 361 Ill. App. 3d 362, 836 N.E.2d 837, 849 (2005) ("As a general rule, if a defendant tenders to the named plaintiff the relief requested, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending. This rule does not apply, however, when a motion for class certification is pending at the time tender is made, because to hold otherwise would allow a party to avoid ever defending a class action suit by simply tendering payment to the named plaintiffs." (internal quotation marks and citations omitted)). Even if Litwin's March 3, 2014 Response could be construed as a notice of withdrawal of its motion to strike, *cf. Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 612 (2012) (noting that the substance of a motion and not its caption controls), the motion would still be pending as to all Defendants who joined that motion. And while the Estate later agreed to settle its claims against Rubber & Gasket Company, John Crane, Alltite

100

Gasket Company, Madsen & Howell, Raritan Supply Company, Tuthill Corporation and Universal Oil Products, rendering these Defendants' respective joinders in Litwin's motion to strike moot, Litwin's motion is not moot as to the Hess Defendants, two Defendants who joined Litwin's motion and who have not been dismissed. Deciding whether to strike the Estate's demand for punitive damages is certainly not academic or hypothetical concerning the Estate's claims against these Defendants.

One last concern is the assertions by the Estate and by Litwin that the motion to strike became "moot" when this Court denied the "identical motion" in the *Ettienne* case. As discussed above, a motion becomes moot when something resolves, or moots, whatever issues were raised in that motion. A court's decision to grant a motion to compel certain documents in one case could, for example, moot the same motion concerning the same documents in another case because whether granted or denied the effect would be the same, the requested documents were already turned over. That is not the case here, however, because neither the Estate nor Litwin contend in their respective responses to the Court's February 20, 2014 Order that the decision in *Ettienne* denying Litwin's "identical motion" somehow resolved, or mooted, Litwin's motion to strike in this matter. Instead, what both parties imply is that this Court would rule on the "identical motion" in this case identically as in *Ettienne*.

 While that decision was decided by this Court, and is certainly persuasive therefore, it is not binding in any sense. The same judge need not decide the same issue the same way as in an earlier case, particularly when the way Virgin Islands courts must determine the law has since changed. *Cf. Gov't of the V.I. v. Connor*, 60 V.I. 599, 607 n.1 (V.I. 2014). Moreover, decisions of trial level courts are not binding on any other court, including that same trial court. *See In re Q.G.*, 60 V.I. 656, 663 n.8 (V.I. 2014). *Cf. Gasperini v. Ctr. for Humanities*, 518 U. S. 415, 430 n.10, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996) ("If there is a federal district court standard, it must come from the Court of Appeals, not from the over 40 district court judges in the Southern District of New York, each of whom sits alone and renders decisions not binding on the others."). In other words, only a decision by a higher court, binding on a lower court, can moot an issue raised in a motion still pending before that lower court, and then only if that binding authority actually addresses whatever issued were raised in that pending motion. Because *Ettienne* is not binding on

this Court, even though it was decided by this Court, it did not render Litwin's motion to strike moot. Furthermore, *Ettienne* is distinguishable.

In *Ettienne*, the Estate, through its personal representative, asserted a claim for wrongful death, a survival claim, and also sought punitive damages. In denying Litwin's motion to strike the estate's demand for punitive damages, this Court relied principally on the reasoning and analysis of *Crawford v. Daly*, 55 V.I. 66, 70-71 (Super. Ct. 2010), which also addressed a motion to dismiss an estate's demand for punitive damages. In denying that motion, the Superior Court held in *Crawford* that amendments adopted by the Legislature in 2001 to section 77 of title 5 — the statute which abrogated the common law principle that "all causes of action for personal torts abated on the death of either the injured party or the tortfeasor," *Sullivan v. Delta Air Lines, Inc.*, 15 Cal. 4th 288, 63 Cal. Rptr. 2d 74, 935 P.2d 781, 784 (Cal. 1997) — allowed for punitive damages in survival actions because before amendment section 77 expressly prohibited punitive damages. *See* 55 V.I. at 91-92. Relying on *Crawford*, this Court denied Litwin's motion to strike punitive damages in *Ettienne* because the statute that allowed Ettienne's cause-of-action to survive his death also allowed, following the 2001 amendments, the estate of the injured person to seek punitive damages.

Unlike *Ettienne*, the Estate did not assert a survival claim here. Although Lenore Der Weer petitioned the Family Division to appoint her as personal representative so that she could file both a wrongful death action and a survival claim, both the Complaint filed on May 6, 2005 and the First Amended Complaint filed on August 24, 2005 captioned this matter as a wrongful death action. Neither pleading refers to section 77 or mentions the word "survival" in any of the allegations or claims. Additionally, the section titled "Plaintiff's Damages" in both the Complaint and the First Amended Complaint requests damages for the Estate and for John Der Weer's survivors as defined by section 76 of title 5, the wrongful death statute. Furthermore, numerous motions, notices, and orders over the nearly nine years that this lawsuit has been pending have captioned this matter as an action for wrongful death yet the Estate never moved to amend its complaint to correct such references if incorrect. The Estate did not file this action as both a wrongful death action and a survival action and for that reason it is distinguishable from *Ettienne* because punitive damages are not permitted in wrongful death actions.

Like survival actions, wrongful death actions did not exist at common law. *Williams v. Dowling*, 318 F.2d 642, 643, 4 V.I. 465 (3d Cir. 1963) ("The right to recover damages for wrongful death is purely statutory since no such right was given by the common law."). *Accord Ceja v. Rudolph & Sletten, Inc.*, 56 Cal. 4th 1113, 158 Cal. Rptr. 3d 21, 302 P.3d 211, 214 (2013) ("In California, wrongful death actions are statutory in origin and exist only so far and in favor of such person 'as the legislative power may declare." (internal quotation marks and citation omitted)); *Ecker v. Town of W. Hartford*, 205 Conn. 219, 530 A.2d 1056, 1060 (1987) ("With only a few exceptions, courts in America have almost universally accepted, and continue to accept, the rule that a civil action for wrongful death was not recognized at common law, and that no such cause of action may be maintained except under the terms and authority of a statute." (internal quotation marks and citation omitted)); *Capone v. Philip Morris USA, Inc.*, 116 So. 3d 363, 374 (Fla. 2013) ("Under Florida common law, a cause of action did not exist for wrongful death. An action for wrongful death is solely a creation of the Legislature."); *Sanders v. Ahmed*, 364 S.W.3d 195, 203 (Mo. 2012) (en banc) ("Missouri does not recognize a common-law claim for wrongful death. This Court has reaffirmed time and time again that a claim for damages for wrongful death is statutory; it has no common-law antecedent." (internal quotation marks and citation omitted)). As other jurisdictions, the Virgin Islands also created a cause-of-action for wrongful death by enacting 76 of title 5 of the Virgin Islands Code.

 Section 76 provides that damages may be recovered "[w]hen the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any persons." 5 V.I.C. § 76(c). Because wrongful death, like survival claims, did not exist at common law, the type of damages that can be recovered are limited to the statute that creates the cause-of-action. *Cf. Carter v. City of Birmingham*, 444 So. 2d 373, 375 (Ala. 1983) ("unlike the Georgia statutes, which permit both the wrongful death and the survival actions to be maintained simultaneously, under Alabama law only a wrongful death action may be maintained, and only punitive damages are recoverable."); *Liff v. Schildkrout*, 49 N.Y.2d 622, 404 N.E.2d 1288, 1291, 427 N.Y.S.2d 746 (1980) ("The courts have deferred to the wisdom of the Legislature in striking the sensitive balance as to the causes of action which should be permitted to be maintained due to the wrongful death of another and also the measure of damages

recoverable"); *McFarland v. Oregon Elec. Ry. Co.*, 70 Ore. 27, 138 P. 458, 460 (1914); *Andis v. Hawkins*, 489 N.E.2d 78, 81 (Ind. Ct. App. 1986); *Kennedy-Fagan v. Estate of Graves*, 993 So. 2d 255, 267 (La. Ct. App. 2008). Unlike section 77, section 76 only permits compensatory damages. Children and spouses may recover monetary damages to compensate them for lost companionship and support as well as mental pain and suffering they endured. 5 V.I.C. § 76(e). A personal representative may also recover money damages on behalf of the estate for the decedent's lost earnings as well as any medical expenses and funeral expenses incurred. *Id.* § 76(e)(6). But section 76 only allows damages that compensate the decedent's estate and the decedent's survivors. *See generally id.* § 76(e).

█ As Litwin correctly points out in its motion to strike, "there is no mention of an allowance for punitive damages" in section 76. (Def./Third-Party Pl. Litwin Corp.'s Motion to Strike Cl. for Punitive Damages 2, filed Apr. 21, 2009). Punitive damages are not among the type of damages allowed in wrongful death claims under section 76 of title 5 of the Virgin Islands Code. *Accord Williams*, 318 F.2d at 644 (noting that California from whom the Virgin Islands borrowed its wrongful death statute did not allow punitive or exemplary damages); *Mingolla v. Minnesota Mining & Mfg. Co.*, 893 F. Supp. 499, 506-07 (D.V.I. 1995); *Boyd v. Atlas Motor Inn, Inc.*, 16 V.I. 367, 369 (D.V.I. 1979). For this reason, Litwin's motion to strike the Estate's demand for punitive damages must be granted.

## CONCLUSION

For the reasons stated above, the Court finds that Litwin's motion to strike the Estate's demand for punitive damages is still pending as it has not been ruled on, withdrawn, or dismissed. Litwin's motion is moot, however, as to Litwin, John Crane Packing Company, Alltite Gasket Company, Rubber & Gasket Company, Madsen & Howell, Inc., Universal Oil Products, Raritan Supply Company, and Tuthill Corporation because the Estate settled its claims against these Defendants while the motion to strike was pending before the Court. But the motion is not moot as to the Hess Defendants because these Defendants joined in Litwin's motion and the Estate's claims remain pending against them. Accordingly, the Court will grant the motion to strike the Estate's demand for punitive damages because punitive damages are not allowed in a wrongful death action.