IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
August 12, 2021
SX-2020-CV-00547
TAMARA CHARLES
CLERK OF THE COURT



## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

CARRIE SNOOK AND RONNIE SNOOK,

PLAINTIFFS,

v.

ROY FERN AND SUSAN KUZENSKI FERN,
INDIVIDUALLY AND AS TRUSTEES OF THE
ROY FRN AND SUSAN KUZENSKI FERN
LIVING TRUST DATED SEPTEMBER 21,
2011,

DEFENDANTS.

Civil No. SX-2020-CV-547

ACTION FOR DAMAGES

JURY TRIAL DEMANDED

CITE AS: 2021 VI SUPER 85U

**Appearances:**
**Nathan J. Mirocha, Esq.**
MirochaLaw LLC
St. Croix, U.S. Virgin Islands
*For Plaintiffs*

**Sharmane Davis-Brathwaite, Esq.**
Brathwaite Law LLC
St. Thomas, U.S. Virgin Islands
*For Defendants*

## <u>MEMORANDUM OPINION AND ORDER</u>

**WILLOCKS, Presiding Judge**

**THIS MATTER** came before the Court on Plaintiff Carrie Snook (hereinafter "Carrie")
and Plaintiff Ronnie Snook's (hereinafter "Ronnie" and together with Carrie, "Plaintiffs") motion
for leave to file first amended complaint, filed on June 9, 2021. In response, Defendant Roy Fern
(hereinafter "Roy"), individually, and Defendant Susan Kuzenski Fern (hereinafter "Susan"),
individually, filed a joint opposition and Plaintiffs filed a reply thereafter.

## BACKGROUND

On May 13, 2020, Plaintiffs filed a complaint against Defendant Roy and Defendant Susan, individually and as trustees of the Roy Fern and Susan Kuzenski Fern Living Trust Dated September 21, 2011, in connection with dog bites Plaintiff Carrie sustained on April 25, 2020. Plaintiffs alleged, inter alia, that "[o]n April 25, 2020, [Plaintiff Carrie] was walking along the roadways in the area of Estate Mon Bijou and Estate Little Fountain," that "[a]t the aforesaid time and place, the pit bull owned by [Defendant Roy] and [Defendant Susan] was uncaged, unleashed and unrestrained in any manner," that "[a]t the aforesaid time and pace, the pit bull owned by [Defendant Roy] and [Defendant Susan] chased and attacked [Plaintiff Carrie] as she was walking through the Estate Mon Bijou and Estate Little Fountain area," that "[a]t the aforesaid time and place, the pit bull owned by [Defendant Roy] and [Defendant Susan] chased [Plaintiff Carrie] into a tree and bit her left leg and calf," that "[Plaintiff Carrie" was lawfully on the roadway when she was chased and attacked by the pit bull owned by [Defendant Roy] and [Defendant Susan] on April 25, 2020," and that "[Plaintiff Carrie] was injured and suffered damages as a result of the bites inflicted on her by the pit bull owned by [Defendant Roy] and [Defendant Susan]." (Compl. ¶¶8-11, 13-14.) The following counts were included in the complaint: Count I-Animal Protection and Control Act (Plaintiff Carrie's claim against Defendant Roy, individually), Count II-Animal Protection and Control Act (Plaintiff Carrie's against Defendant Susan, individually), Count III-Negligence (Plaintiff Carrie's claim against Defendant Roy and Defendant Susan, as trustees), Count IV-Negligence (Plaintiff Carrie's claim against Defendant Roy, individually), Count V-Negligence (Plaintiff Carrie's claim against Defendant Susan, individually), Count VI-Negligence (Plaintiff Ronnie's claim against Defendant Roy, individually), Count VII-Negligence (Plaintiff Ronnie's claim against Defendant Susan, individually), Count VIII-Punitive Damages (Plaintiff

Carrie's claim against Defendant Roy, individually), Count IX-Punitive Damages (Plaintiff Carrie's claim against Defendant Susan, individually), and Count X-Punitive Damages (Plaintiff Carrie's claim against Defendant Roy and Defendant Susan, as trustees).

On June 23, 2020, Defendant Roy, individually, and Defendant Susan, individually, filed a joint answer to Plaintiffs' complaint. On that same date, Defendant Roy, as trustee, and Defendant Susan, as trustee, filed a joint answer to Plaintiffs' complaint. Subsequently, a scheduling order was entered, and the parties proceeded with discovery.

On June 10, 2021, Plaintiffs filed this instant motion for leave to file first amended complaint.

## STANDARD OF REVIEW

Rule 15 of Virgin Islands Rules of Civil Procedure provides that, aside from amending its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." V.I. R. CIV. P. 15(a)(2). Rule 15-1 of Virgin Islands Rules of Civil Procedure (hereinafter "Rule 15-1") requires "[a] party moving to amend a pleading...[to] attach a complete—and properly signed—copy of the proposed amended pleading to the motion papers" and "must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference." V.I. R. CIV. P. 15-1(a). Furthermore, "[a] proffered amended pleading must note prominently on the first page the numbered amendment it represents; e.g., FIRST AMENDED COMPLAINT, SECOND AMENDED COMPLAINT, FIRST AMENDED ANSWER, etc." V.I. R. CIV. P. 15-1(b).

## DISCUSSION

### 1. Motion to Amend

In their motion, Plaintiffs sought "to amend the Complaint on the basis of Defendants' testimony that one of the dogs that attacked Plaintiff Carrie [] was owned by Onaje Jackson, a neighbor of the Defendants" and "to amend the Complaint to conform to the testimony elicited from [Defendant Roy] and [Defendant Susan] thus far, and by two witnesses that have testified." (Motion, p. 1) A redline copy of the proposed first amended complaint reflecting the changes made to the initial complaint was attached to Plaintiffs' motion.[1]

In their joint opposition, Defendant Roy, individually, and Defendant Susan, individually, argued that the Court should deny Plaintiffs' motion. Defendant Roy and Defendant Susan, individually, made the following assertions in support of their argument: (i) "[t]he proposed amendment to add a new defendant is futile; it will cause a misjoinder," (ii) "Plaintiffs did not include a fully executed First Amended Complaint with their motion," (iii) "[t]he Court...may deny a request to amend so long as it articulates a sound justification,"[2] (iv) "[t]he claims against

---

[1] The following counts were included in the proposed first amended complaint: Count I-Animal Protection and Control Act (Plaintiff Carrie's claim against Defendant Roy, individually), Count II-Animal Protection and Control Act (Plaintiff Carrie's against Defendant Susan, individually), Count III-Negligence (Plaintiff Carrie's claim against Defendant Roy and Defendant Susan, as trustees), Count IV-Negligence (Plaintiff Carrie's claim against Defendant Roy, individually), Count V-Negligence (Plaintiff Carrie's claim against Defendant Susan, individually), Count VI-Negligence (Plaintiff Ronnie's claim against Defendant Roy, individually), Count VII-Negligence (Plaintiff Ronnie's claim against Defendant Susan, individually), Count VIII-Punitive Damages (Plaintiff Carrie's claim against Defendant Roy, individually), Count IX-Punitive Damages (Plaintiff Carrie's claim against Defendant Susan, individually), Count X-Punitive Damages (Plaintiff Carrie's claim against Defendant Roy and Defendant Susan, as trustees), Count XI-Animal Protection and Control Act (Plaintiff Carrie's claim against Defendant Onaje Jackson), Count XII-Negligence (Plaintiff Carrie's claim against Defendant Onaje Jackson), and Count XIII-Punitive Damages (Plaintiff Carrie's claim against Defendant Onaje Jackson).

[2] Defendant Roy, individually, and Defendant Susan, individually, referenced: *Basics v. GVI*, 2001 9 VI 21, ¶ 26 (2019) (citing *Reynolds v. Rohn*, 20 VI 8, ¶ 25 (V.I. 2019) ("Appropriate justifications [for deviating from the norm of freely granting leave to amend] include, but are not limited to, 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment[.]'").

[Onaje Jackson] are separately delineated in three (3) new counts numbered XI-XIII and based on him owning 'a dog, black in color' that 'was harbored at his residence' and that "[i]t is not enough that these claims allege the same type of violations that Plaintiffs are currently pursuing against Defendants; his joinder must be based on the same set of facts such that he and Defendants would be jointly, severally or in the alternative responsible for Plaintiffs' damages,"[3] (v) "[t]he circumstances as proposed by Plaintiffs will require an analysis of Mr. Jackson's responsibility based on different facts; whether his dog harbored at a separate residence bit Plaintiff Carrie Snook on April 25, 2020," and (vi) "[b]ecause the statute of limitations has not expired Plaintiffs' tort claim, the Court's denial of Plaintiffs' motion will not result in any harm." (Opp., pp. 2-3.)

In their reply, Plaintiffs argued that the Court should grant their motion to amend. Plaintiffs made the following assertions in support of their argument: (i) "Plaintiff Carrie Snook was attacked by four dogs while walking in the roadway on April 25, 2020" and "[o]ne of those dogs is now known to be owned by Onaje Jackson, the proposed additional defendant," (ii) "each Defendant was also able to provide relevant information that Sunshine was wilfully allowed on the Defendants' property at 409 Mon Bijou and was also periodically harbored inside Defendants' house at the same location," (iii) Defendant Susan "was able to identify all of the dogs that she saw by Carrie Snook, including 'Duke, Casha, Hoover, and Sunshine,'" and (iv) "it is clear that the proposed claims as alleged against Onaje Jackson are based on the same set of facts such that Mr. Jackson and Defendants would be jointly and/or severally liable for Plaintiffs' damages." (Reply, pp. 1-3.)

---

[3] Defendant Roy, individually, and Defendant Susan, individually, referenced: V.I. R. Civ. P. 20(a)(2); *Brown v. Underwriters at Lloyd's, et al.*, 2021 VI SUPER 61 (court finding Rule 20 not satisfied when Plaintiffs did not assert any right to relief against all three Defendants, jointly, severally, or arising from the same transaction, occurrence or series of transactions or occurrences).

### A. Joinder

Rule 20 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 20") governs permissive joinder of parties. Under Rule 20, "[p]ersons — as well as a vessel, cargo, or other property subject to admiralty process in rem — may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." V.I. R. Civ. P. 20(a)(2). The reporter's notes to Rule 20 state that "multiple defendants may be joined if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction and at least one question of law or fact common to all defendants will arise in the action." V.I. R. Civ. P. 20 (rptr's note).

Here, although Plaintiffs argued in their reply brief that "that Mr. Jackson and Defendants would be jointly and/or severally liable for Plaintiffs' damages," (Reply, p. 3), Plaintiffs did not allege in their proposed first amended complaint that the right to relief is asserted against all the defendants jointly or severally. Nevertheless, based on the allegations set forth in the proposed first amended complaint, the right to relief is with respect to the same transaction and occurrence— to wit, on April 25, 2020, Plaintiff Carrie was walking through Estate Mon Bijou and Estate Little Fountain when she was bit by dogs owned by either Defendant Roy and Defendant Susan or Onaje Jackson.[4] Furthermore, based on the allegations set forth in the proposed first amended complaint, there is at least one question of law or fact common to Defendant Roy, Defendant Susan, and Onaje

---

[4] It is unclear how many dogs bit Plaintiff Carrie. According to the complaint, Plaintiff Carrie was bit by one dog—a pit bull (Compl. ¶ 11.), according to the proposed first amended complaint, Plaintiff Carrie was by dogs (Proposed FAC ¶ 15), and according to the reply, Plaintiff Carrie was "attacked by four dogs." (Reply, p. 1.)

Jackson, e.g., the analysis for the following questions will be based on the same set of facts: which dog(s) bit Plaintiff Carrie on April 25, 2020, who is the owner of the dog(s) that bit Plaintiff Carrie on April 25, 2020, and where was Plaintiff Carrie when she was bit by the dogs. In other words, the same facts that give rise to the action against Defendant Ray and Defendant Susan are part "of the same transaction, occurrence, or series of transactions or occurrences" as the facts that give rise to the action against Onaje Jackson and "any question of law or fact common to all defendants will arise in the action." As such, the Court finds that the requirements under Rule 20 have been satisfied and joinder of Onaje Jackson as a defendant in this matter is proper. V.I. R. Civ. P. 20(a)(2) ("Persons… may be joined in one action as defendants if: (A) any right to relief is asserted against them…with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."). Thus, the Court is inclined to grant Plaintiff's motion for leave to file first amended complaint. However, Plaintiffs' motion was not filed in compliance with Rule 15-1. First, Plaintiffs failed to include a clean copy of the proposed first amended complaint as required under Rule 15-1(a). *See* V.I. R. Civ. P. 15-1(a) ("attach a complete—and properly signed—copy of the proposed amended pleading to the motion papers"). Second, the proposed first amended complaint, based on the redline copy, did not "note prominently on the first page the numbered amendment it represents"—e.g., FIRST AMENDED COMPLAINT—as required under Rule 15-1. V.I. R. Civ. P. 15-1(b). Nevertheless, these defects are not fatal and the Court will give Plaintiffs the opportunity to file a new proposed first amended complaint in compliance with Rule 15-1.

## 2. Other Issues

Additionally, upon review of Plaintiffs' initial complaint and proposed first amended complaint, several issues have come to the Court's attention. The Court will address them in turn.

It is for the benefit of everyone involved—the plaintiffs, the defendants, the Court—to have the claims clarified as the parties engage in the discovery process and motion practice. *See Arno v. Hess Corp.*, 71 V.I. 463, 499 (V.I. Super. Ct. Oct. 17, 2019) ("the law favors clarity and precision, especially in pleadings").

### A. Statutory Claims Versus Common Law Claims

In the initial complaint and the proposed first amended complaint, Plaintiff Connie alleged both statutory claims[5] under Title 19 V.I.C. § 2612[6] and common law claims[7] under the negligence theory for the dog bite she sustained. However, this raises the question of whether, by enacting a statute, Title 19 V.I.C. § 2612, that imposes strict liability upon the owners of the dogs that bit a

---

[5] In their initial complaint, Plaintiffs alleged: Count I-Animal Protection and Control Act (Plaintiff Carrie's claim against Defendant Roy, individually) and Count II-Animal Protection and Control Act (Plaintiff Carrie's against Defendant Susan, individually).

In their proposed first amended complaint, Plaintiffs alleged: Count I-Animal Protection and Control Act (Plaintiff Carrie's claim against Defendant Roy, individually), Count II-Animal Protection and Control Act (Plaintiff Carrie's against Defendant Susan, individually), and Count XI-Animal Protection and Control Act (Plaintiff Carrie's claim against Defendant Onaje Jackson).

[6] Title 19 V.I.C. § 2612 provides:

   (a) Owners of dogs shall be liable for any damage done by their dogs.

   (b) The owners of any dogs which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the place of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this section when he is on such property in the performance of any duty imposed by the laws of the Virgin Islands or by the laws or regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damages; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog" or "Beware of Dog".

[7] In their initial complaint, Plaintiffs alleged: Count III-Negligence (Plaintiff Carrie's claim against Defendant Roy and Defendant Susan, as trustees) and Count IV-Negligence (Plaintiff Carrie's claim against Defendant Roy, individually), Count V-Negligence (Plaintiff Carrie's claim against Defendant Susan, individually).

In their proposed first amended complaint, Plaintiffs alleged: Count III-Negligence (Plaintiff Carrie's claim against Defendant Roy and Defendant Susan, as trustees), Count IV-Negligence (Plaintiff Carrie's claim against Defendant Roy, individually), Count V-Negligence (Plaintiff Carrie's claim against Defendant Susan, individually), and Count XII-Negligence (Plaintiff Carrie's claim against Defendant Onaje Jackson).

person, the Legislature abrogated the common law claim for dog bites. *See Defoe v. Phillip*, 56 V.I. 109, 121 (2012) (internal quotations and citation omitted) ("It is well established that a statute should not be considered in derogation of the common law unless it expressly so states or the result is imperatively required from the nature of the enactment."). If the answer is yes, then Plaintiff Connie is required to proceed with only the statutory claims. On the other hand, if the answer is no, then Plaintiff Connie is permitted to proceed under both theories of liability. *See* V.I. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); *accord Mitchell v. General Engineering Corporation*, 67 V.I. 271, 285 n.7 (V.I. Super. Ct. 2017) ("[A] plaintiff may plead different, even inconsistent, claims in the alternative, and also pursue alternate theories of relief."). The Court will give Plaintiff Connie, Defendant Roy, and Defendant Susan the opportunity to brief the issue of whether, by enacting a statute, Title 19 V.I.C. § 2612, that imposes strict liability upon the owners of the dogs that bit a person, the Legislature abrogated the common law claim for dog bites.

### B. Punitive Damages

In the initial complaint and the proposed first amended complaint, Plaintiff Connie alleged punitive damages as independent causes of action.[8] In *Bertrand v. Mystic Granite & Marble, Inc.*, the Virgin Islands Supreme Court affirmed the Superior Court's ruling that "a request for punitive damages is not an independent cause of action." 63 V.I. 772, 784 n.6 (V.I. 2015); *see also, Der Weer v. Hess Oil V.I. Corp.*, 60 V.I. 91, 95 n.1 (V.I. Super. Ct. 2014) ("Although labeled as a

---

[8] In their initial complaint, Plaintiffs alleged: Count VIII-Punitive Damages (Plaintiff Carrie's claim against Defendant Roy, individually), Count IX-Punitive Damages (Plaintiff Carrie's claim against Defendant Susan, individually), and Count X-Punitive Damages (Plaintiff Carrie's claim against Defendant Roy and Defendant Susan, as trustees).

In their proposed first amended complaint, Plaintiffs alleged: Count VIII-Punitive Damages (Plaintiff Carrie's claim against Defendant Roy, individually), Count IX-Punitive Damages (Plaintiff Carrie's claim against Defendant Susan, individually), Count X-Punitive Damages (Plaintiff Carrie's claim against Defendant Roy and Defendant Susan, as trustees), and Count XIII-Punitive Damages (Plaintiff Carrie's claim against Defendant Onaje Jackson).

'claim' for punitive damages in the complaint, punitive damages is not a separate cause-of-action, but rather a demand for a certain type of damages."). As such, Plaintiff Carrie's claims for punitive damages as independent causes of action cannot proceed.

### C. Loss of Consortium

In the initial complaint and the proposed first amended complaint, Plaintiff Ronnie alleged that he "suffer[ed] the loss of consortium, companionship, security and society of his wife, [Plaintiff Carrie]" as the result of the acts and/or omissions of Defendant Roy and Defendant Susan. (Compl. ¶¶ 120, 144) (Proposed FAC ¶¶ 131, 142.) Although labeled as negligence claims,[9] Plaintiff Ronnie is actually making a claim for a personal injury that relates to the loss of spousal relationships due to Defendant Roy and Defendant Susan's alleged tortious conduct. Thus, Plaintiff Ronnie's negligence claims against Defendant Roy and Defendant Susan are actually loss of consortium claims and should be relabeled as loss of consortium claims. However, "Virgin Islands courts have not decided whether to recognize [the loss of consortium] claim yet" and "[a] *Banks* analysis would be required." *Martinez v. Hess Oil V.I. Corp.*, 69 V.I. 519, 534 n.5 (V.I. Super. Ct. 2018); *see also, McKenzie v. Hess Oil V.I. Corp.*, 70 V.I. 210, 220-21 n.5 (V.I. Super. Ct. 2019) (internal citations omitted) (noting that the Virgin Islands has not considered the issue of whether to recognize loss of consortium as a derivative claim or a stand-alone claim and that "a *Banks* analysis would entail deciding first, whether to recognize loss of consortium claims, and then, whether to recognize loss of consortium as a derivative claim or a stand-alone claim"). The

---

[9] In their initial complaint and their proposed first amended complaint, Plaintiffs alleged: Count VI-Negligence (Plaintiff Ronnie's claim against Defendant Roy, individually) and Count VII-Negligence (Plaintiff Ronnie's claim against Defendant Susan, individually).

Court will give Plaintiff Ronnie, Defendant Roy, and Defendant Susan the opportunity to brief the issue of whether the Virgin Islands courts should recognize the loss of consortium claim.

## CONCLUSION

Based on the foregoing, the Court will give the parties the opportunity to file supplemental briefs to address the issues mentioned above. Upon receipt of the parties' supplemental briefs, the Court will determine what causes of action can proceed and then give Plaintiffs the opportunity to file a new proposed first amended complaint in compliance with the Court's ruling and Rule 15-1. At this time, the Court will reserve ruling on Plaintiffs' motion for leave to file first amended complaint. Accordingly, it is hereby:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff Carrie, Defendant Roy, and Defendant Susan shall file their respective supplemental briefs regarding the issue of whether, by enacting a statute, Title 19 V.I.C. § 2612, that imposes strict liability upon the owners of the dogs that bit a person, the Legislature abrogated the common law claim for dog bites. It is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff Ronnie, Defendant Roy, and Defendant Susan shall file their respective supplemental brief regarding the issue of whether the Virgin Islands courts should recognize the loss of consortium claim. It is further:

**ORDERED** that the parties shall support the arguments in their respective supplemental briefs with proper briefing, including but not limited to citing the proper legal authority, statute, and/or rule and conducting a *Banks* analysis when necessary. **And** it is further:

**ORDERED** that the Court will reserve ruling on Plaintiffs' motion for leave to file first amended complaint.

**DONE and ORDERED this** 12th **day of August 2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: 8/12/2021

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**