**GERALD E. HODGE, JR., Plaintiff**

**v.**

**VIRGIN ISLANDS WATER AND POWER AUTHORITY and BOARD OF DIRECTORS, Defendants**

Civil No. ST-09-CV-94

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

December 22, 2011

ARCHIE JENNINGS, ESQ., St. Thomas, USVI, *Counsel for Plaintiff Gerald E. Hodge, Jr.*

LORELEI FARRINGTON, ESQ., St. Thomas, USVI, *Counsel for Defendants Virgin Islands Water and Power Authority and Board of Directors.*

CARROLL, *Judge*

## AMENDED MEMORANDUM OPINION[1]

(December 22, 2011)

**THIS MATTER** is before the Court on several motions brought on behalf of Defendants Virgin Islands Water and Power Authority

---

[1] This Amended Memorandum Opinion corrects certain language and footnote errors in the initial Memorandum Opinion dated September 20, 2010.

("WAPA") and Board of Directors ("the Board").[2] On behalf of the Board, Defendants' counsel has filed a Motion to Dismiss Defendant Board of Directors, Motion to Amend Motion to Dismiss Board of Directors, Amended Motion to Dismiss Board of Directors, and Motion to Deem Conceded the Amended Motion to Dismiss. On behalf of WAPA, Defendants' counsel has filed a Motion to Dismiss and Motion to Deem Conceded the Motion to Dismiss. For the reasons stated below, the Court will grant and deny the pending motions as described more particularly below.

## BACKGROUND

Plaintiff Gerald E. Hodge is a citizen of the United States and a practicing Rastafarian who expresses his beliefs by wearing his hair in dreadlocks. (Compl. ¶ 2.) He has been employed for more than fifteen years by WAPA as a maintenance mechanic in the water distribution section of the power facility in St. Thomas, Virgin Islands. (*Id.* ¶ 3.) Hodge is in a senior position, and by virtue of his experience is in a position to serve as an acting supervisor with the attendant higher wages and benefits. (*Id.* ¶ 9.) However, Hodge's supervisor continued to assign less senior personnel to act when he was absent, and also assigned Hodge fewer overtime pay assignments than all other employees in his section. (*Id.*)

Hodge made numerous complaints about this unequal treatment and questioned whether his religious beliefs were the underlying reasons for the practice. (*Id.* ¶ 10.) Hodge tried various means to address this matter, but no action was ever implemented by WAPA to assure that he would receive equal treatment. (*Id.* ¶ 11.) Hodge filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), and was given a right to sue letter on November 25, 2008. (Compl. Attach. 2.) On February 25, 2009, Hodge filed the instant lawsuit. In his Complaint, Hodge alleges that he has been injured and that he suffered a loss of esteem, loss of income, humiliation and other damages. (*Id.* ¶¶ 13, 19.) He sues under Title VII of the Civil Rights Act of 1964 in Counts I and II, and for violation of his constitutional rights under Count III. (Compl. ¶¶ 15, 18,

---

[2] Defendants Board of Directors and the Virgin Islands Water and Power Authority are represented by Loreli Farrington, Esq. and Mark Kragel, Esq. Plaintiff Gerald E. Hodge, Jr. is represented by Archie Jennings, Esq.

22.) Hodge requests actual compensatory damages and punitive damages in his Complaint.

On May 18, 2009 and July 30, 2009, WAPA filed a Motion to Dismiss and Motion to Deem Conceded the Motion to Dismiss, respectively. The Board filed a Motion to Dismiss Defendant Board of Directors on July 13, 2009, and on July 15, 2009, it filed a Motion to Amend Motion to Dismiss Defendant Board of Directors and an Amended Motion to Dismiss Defendant Board of Directors. On August 17, 2009, the Board filed a Motion to Deem Conceded the Amended Motion to Dismiss.

## I. MOTION TO DEEM CONCEDED THE AMENDED MOTION TO DISMISS AND MOTION TO DEEM CONCEDED THE MOTION TO DISMISS

As a preliminary matter, the Court will deny WAPA's Motion to Deem Conceded the Motion to Dismiss and the Board's Motion to Deem Conceded the Amended Motion to Dismiss ("Motions to Deem Conceded"). The record reflects that Hodge did not respond to the Motion to Dismiss and his Opposition to the Motion to Dismiss Board of Directors was filed out of time.[3]

Regardless, the fact that a party has not filed a response to a motion to dismiss does not excuse the Court from determining whether the moving party is entitled to the relief requested. *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (the court must determine whether the facts entitle the moving party to judgment even without an opposition to a motion for summary judgment); *GRS Dev. Co. v. Jarrett*, 45 V.I. 211, 215 (Terr. Ct. 2003) (when a party has filed a Motion to Deem Conceded a Motion for Summary Judgment, "[a] court first must determine whether the moving party is entitled to summary judgment as a matter of law."). Pursuant to LRCi 7.1(e)(3),[4] the Court is not prohibited from deciding a motion without receiving a response; nevertheless, that is a far cry from the Court deeming that the original motion has been conceded due to the lack of a response. Therefore, the Court will deny the Motions to Deem Conceded.

---

[3] Hodge filed Plaintiff's Opposition to Motion to Dismiss on October 26, 2009. The Opposition, however, does not address any of the issues raised by Defendants in the Motions to Dismiss. The Court is unclear which motion to dismiss Hodge is responding to.

[4] The Federal Rules of Civil Procedure and Local Rules of Civil Procedure are applicable to matters before the Superior Court whenever they are not inconsistent with the Rules of the Superior Court. SUPER. CT. R. 7.

## II. Motion to Dismiss Defendant Board of Directors, Motion to Amend Motion to Dismiss Defendant Board of Directors and Amended Motion to Dismiss Board of Directors

### A. Standard of Review

■ Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the Court to assess whether it has subject matter jurisdiction over a case. Essentially, Rule 12(b)(1) is "the trial court's . . . power to hear the case . . . and the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Although a defendant has not filed a 12(b)(1) motion, the Court, *sua sponte*, is permitted to raise the issue of subject matter jurisdiction. *See Daily v. City of Phila.*, 98 F. Supp. 2d 634, 636 (E.D. Pa. 2000) ("Lack of subject matter jurisdiction may be raised at any time by the court *sua sponte*.")

Further, Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a dismissal of claims is appropriate when a complaint has "fail[ed] to state a claim upon which relief can be granted." As it considers such a motion, the Court will separate the factual allegations from the legal conclusions, and accept the factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The Court will construe the Complaint in the light most favorable to the Plaintiff. *Phillips*, 515 F.3d at 231. Additionally, the Court will determine whether, "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.*

Rule 12(b)(6) motions test the sufficiency of the pleadings and are designed to "screen out cases" in which there is no remedy for the wrong alleged or no relief could possibly be granted. *Port Auth. of N.Y. & N.J. v. Arcadian Corp.*, 189 F.3d 305 (3d Cir. 1999). Rule 12(b)(6) motions to dismiss may allege that the complaint states a legal theory that is not cognizable as a matter of law.

### B. Discussion

In the Motion to Amend Motion to Dismiss Defendant Board of Directors, the Board requested leave to amend the Motion to Dismiss Defendant Board of Directors to include the defense of improper service. This is a pro forma motion that should be granted.

In the Motion to Dismiss Defendant Board of Directors and the Amended Motion to Dismiss Defendant Board of Directors, Defendants contends that Hodge has failed to state a claim upon which relief can be granted against Defendant Board of Directors as a matter of law, and that the Complaint should, therefore, be dismissed. The Court agrees that the Motion to Dismiss should be granted but, as noted below, the Court does not agree that the Motion to Dismiss the Board of Directors should be granted for the reasons advanced by the Board.

The Defendants' contention is that the Board of Directors has delegated the routine operations of WAPA to the Executive Director, and for that reason, the day-to-day operations of WAPA are controlled by the Executive Director — not the Board of Directors. For this reason, the Board argues that the functions of the Directors as Board Members are remote from the day-to-day operation and employment decisions of WAPA.

The Court agrees that the Board of Directors of WAPA is not a proper party to this lawsuit, but not for the reasons suggested by WAPA. Indeed, if it were solely a question about whether or not the Board of Directors had ultimate authority of operating WAPA, it is clear that it does, since the statute allows that the powers of WAPA shall be exercised by a Governing Board consisting of the members of WAPA acting as a board. V.I. CODE ANN. tit. 30, § 104(a) (1998). The Virgin Islands Code also provides for the appointment of an Executive Director by the Board of Directors, and allowing by its bylaws for the delegation to the Executive Director or to other officers, agents or employees such of the powers of WAPA that the Board of Directors deems to be proper. *Id*. § 104(c).

The Board has supplied evidence to the Court that it has delegated the powers as general manager and chief executive officer of WAPA to the Executive Director who is in general charge of its activities, officers, personnel and property. *See Bylaws of the Virgin Islands Water and Power Authority, Article XXIV*. The Executive Director in turn shall: 1. execute the development of WAPA in accordance with the policies set up by the Governing Board; 2. present policy problems, programs, rules and regulations, and other appropriate matters to the Governing Board; 3. direct and coordinate the activities of the officers, consultants, and other personnel of WAPA; and 4. promote the most effective public relations for the Authority, etc. In addition, the bylaws enumerate powers of the Executive Director in connection with the routine operation of WAPA, but

465

caution that the enumeration of the specific powers is simply by way of example, and is not meant to limit the specific powers of the Executive Director as the chief executive officer of WAPA.

The fact that the Board may have delegated its powers of running the daily operations to the Executive Director does not lead this Court to conclude that the Board has divested itself of the control of WAPA. Firstly, the delegation of its powers is limited by such limitations as may be imposed by the Governing Board. *Id.* Because there is no restriction on what limitations may be imposed, it is clear that ultimate control of WAPA is in the hands of the Board. Also, the statute specifically provides that the powers of WAPA shall be exercised by the Governing Board, and that the Board may delegate its powers and duties to an Executive Director as it "may deem proper." 30 V.I.C. § 104(c). Since the final authority to determine what is the proper delegation rests with the Board, the Board is the ultimate authority in running WAPA. If the authority to run the public corporation were the only consideration before the Court, the Court would have to deny WAPA's motion. There are, however, other factors in this case involving the waiver of sovereign immunity by WAPA which leads the Court to believe that the Board must be dismissed as a party defendant.

WAPA was created in 1964 by the Virgin Islands Legislature as "a public corporation and independent governmental instrumentality" with its own governing board for the purpose of developing and providing water and electric power services for the people of the Virgin Islands. V.I. CODE ANN. tit. 30 §§ 103-105; *V.I. Pub. Serv. Comm'n v. V.I. Water & Power Auth*, 49 V.I. 478, 488 (V.I. 2008). From the time of its inception, WAPA was armed with the power "to sue and be sued in its own corporate name." 30 V.I.C. § 105(4); *Cyprian v. Butcher*, 53 V.I. 224, 230 (Super. Ct. 2010). By including the language allowing WAPA "to sue and be sued," the Legislature waived WAPA's sovereign immunity. *Id*; *see also Rosa v. V.I. Hous. Auth.*, 43 V.I. 131, 136 (Terr. Ct. 2001) (by conferring the Virgin Islands Housing Authority ("VIHA") with the power to sue and be sued, the government waived sovereign immunity with respect to VIHA as a separate entity from the government). Once one acknowledges that the government has waived WAPA's sovereign immunity with regards to litigation, one must strictly follow the statute which allows such suits against this independent governmental entity by suing in accordance with the terms of the statute. *Irwin v. Dep't of Veterans*

*Affairs*, 498 U.S. 89, 94, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990); *Vester v. Potter*, No. 1:00cv10063, 2003 U.S. Dist. LEXIS 9878, at *1 (M.D.N.C. June 4, 2003). The Legislature did not waive sovereign immunity with respect to the Board or otherwise designate that the Board may sue and be sued. 30 V.I.C. § 105(4). Therefore, the Board is an improper party and this Court lacks subject matter jurisdiction to hear a suit against it.

In the Amended Motion to Dismiss Defendant Board of Directors, WAPA contends that service was improper on the Board, and that the Complaint should, therefore, be dismissed against the Board pursuant to FED. R. CIV. P. 12(b)(4). In light of the Court's dismissal of the Board as an improper party and the Court's lack of subject matter jurisdiction for reasons stated above, it is not necessary for the Court to decide this issue.

### III. MOTION TO DISMISS VIRGIN ISLANDS WATER AND POWER AUTHORITY

#### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure standard of review that applies to the above Motion to Dismiss Defendant Board of Directors, Motion to Amend Motion to Dismiss Defendant Board of Directors and Amended Motion to Dismiss Board of Directors applies in equal force to Defendants' Motion to Dismiss Virgin Islands Water and Power Authority.

#### B. Discussion

In the Motion to Dismiss, WAPA contends that Hodge has improperly served process on WAPA, has failed to notify WAPA of the commencement of an action against it, and has failed to request waiver of service. Therefore, the Complaint should be dismissed without prejudice. The Court agrees with WAPA and will dismiss the Complaint without prejudice. The Court will allow Hodge thirty (30) days from the date of this Memorandum Opinion and Order to properly serve WAPA with a copy of the summons and Complaint.

WAPA's assertion is that Hodge has failed to serve process on WAPA in accordance with the requirements under FED. R. CIV. P. 4(h) which, provides for personal service of process rather than by certified mail, the method that Hodge chose. In absence of sufficient service of process, WAPA further asserts that Hodge has failed to notify WAPA that an action

had been commenced. Lastly, WAPA contends that Hodge has failed to request waiver of service in compliance with FED. R. CIV. P. (4)(d)(1)(A)(ii) which provides that the notice and request must be in writing and addressed to an officer, managing or general agent or any other agent authorized by appointment or by law to receive service of process. The Court agrees with WAPA that Hodge has failed to effectuate proper service of process and has failed to request waiver of service.

█ Rule 4(j) of the Federal Rules of Civil Procedure provides for service upon a municipal entity. Specifically, Rule 4(j) stipulates that "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer . . . ." FED. R. CIV. Pro. 4(j). Since Hodge did not properly serve WAPA by delivering a copy of the summons and Complaint to WAPA's Chief Executive Officer, service on WAPA was improper. Assuming, but not deciding, that Rule 4(h) of the Federal Rules of Civil Procedure applies to WAPA, since by WAPA's assertion it is a corporation, Hodge did not follow the provisions for waiver of service, under Rule 4(d).[5] Therefore, the Complaint must be dismissed without prejudice. The Court will allow Hodge to properly serve WAPA within thirty (30) days from entry of the date of this Memorandum Opinion and Order.

## CONCLUSION

Defendants' Motion to Deem Conceded and Motion to Deem Conceded the Motion to Dismiss will be denied, since pursuant to LRCi 7.1(e)(3) the Court is not prohibited from deciding on a motion without receipt of Hodge's response. Defendants' Motion to Dismiss will be granted without prejudice, since Hodge has failed to properly serve process on WAPA; however, the Court will allow Hodge thirty (30) days from the date of entry of the Memorandum Opinion and Order dated September 20, 2010 to properly serve WAPA. Defendants' Motion to

---

[5] Specifically, Rule 4 of the Federal Rules of Civil Procedure provides: "(1) Requesting a Waiver. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must: (A) be in writing and be addressed: (i) to the individual defendant; . . .".

Dismiss Defendant Board of Directors pursuant to FED. R. CIV. P. 12(b)(6) will be granted, since the Board is not a proper party pursuant to the waiver of sovereign immunity of WAPA contained in 30 V.I.C. § 105(4) which provides that WAPA may sue and be sued in its corporate name. Defendants' Motion to Amend will be granted since it is a pro forma motion. Finally, in light of the dismissal of the Complaint against the Board, the Defendants' Amended Motion to Dismiss Defendant Board of Directors will granted. A separate Order of even date will follow.