**CYRIL MITCHELL, Plaintiff**

**v.**

**GENERAL ENGINEERING CORPORATION; ALCOA, INC., and
ST. CROIX ALUMINA, LLC, Defendants**

Case No. SX-07-CV-504
Consolidated Under: In re: Alumina Dust Claims, SX-09-MC-031

Superior Court of the Virgin Islands

Division of St. Croix

February 23, 2017

THOMAS K. ALKON, ESQ., Law Office of Thomas Alkon, Christiansted, USVI, *For Plaintiff.*

BERNARD C. PATTIE, ESQ., Law Offices of Bernard C. Pattie, P.C., Christiansted, USVI, *For St. Croix Alumina, LLC and Alcoa, Inc., Defendants.*

EUGENIO W.A. GÉIGEL-SIMOUNET, ESQ., Law Offices of Wilfredo A. Géigel, Gallows Bay, USVI, *For General Engineering Corporation, Defendant.*

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(February 23, 2017)

**THIS MATTER** is before the Court *sua sponte* following a review of the case file. The Court finds that certain motions, which are technically still pending, should be deemed withdrawn or denied as moot. Other motions — a request to stay this matter and a motion to dismiss the complaint — must still be addressed so that the record is clear, even though subsequent proceedings have rendered these motions moot as well. Lastly, even though this case is currently consolidated with a number of other individual cases under a master case, the Court has determined that this case must be removed from the master case and allowed to proceed on its own.

## BACKGROUND

Plaintiff Cyril Mitchell filed a complaint in the Superior Court of the Virgin Islands on October 19, 2007. He named as defendants General Engineering Corporation, Alcoa, Inc., and St. Croix Alumina, LLC. He alleged that these defendants caused him to be exposed to bauxite dust containing silica, alumina dust, and asbestos dust and fibers during the years he worked at the now-former alumina refinery on St. Croix, U.S. Virgin Islands. Mitchell further alleged that he had developed pneumoconiosis as a result of his work-related exposure to toxic dusts. He demanded damages, including punitive damages, for claims sounding in negligence, gross negligence, and strict product liability, among other claims.

Upon receiving Mitchell's complaint, the Civil Division opened a new case, assigned it at random to Judge Darryl Dean Donohue, Sr., and then transferred the case to the Jury Trial Division for further proceedings. The next action occurred on November 26, 2007, when counsel appeared on behalf of Alcoa and St. Croix Alumina, LLC. Two weeks later, Mitchell stipulated with Alcoa and St. Croix Alumina to extend their time to respond to his complaint until January 8, 2008, which the court approved in a January 11, 2008 order. Both Defendants responded on January 8, 2008: Alcoa answered Mitchell's complaint and denied liability while St. Croix Alumina filed a motion to dismiss Mitchell's complaint for failure to state a claim. Mitchell responded in opposition to St. Croix Alumina's motion on January 24, 2008 and St. Croix Alumina filed its reply on February 8, 2008. Although the motion was fully briefed at that point, Mitchell filed a motion a few days later to request leave to file a surresponse and a surreply,[1] which this Court eventually granted *nunc pro tunc*. Mitchell filed his surresponse on March 25, 2008 and St. Croix Alumina filed its surreply on April 10, 2008.

Once briefing on St. Croix Alumina's motion was complete, Alcoa filed its own motion to dismiss on November 14, 2008. Mitchell responded in opposition on November 20, 2008 and (in the same paper) requested leave to amend his complaint. Alcoa filed its reply in support of its motion to dismiss on January 28, 2009, and likewise responded (in the same motion paper) in opposition to Mitchell's request for leave to amend. Mitchell filed his reply in support of amending his complaint on January 30, 2009.

At this point three motions were pending: St. Croix Alumina's January 8, 2008, Motion to dismiss; Alcoa's November 14, 2008, Motion to Dismiss; and Mitchell's November 20, 2008, Motion to Amend his Complaint. Before the court had ruled on any of these motions, Mitchell filed another motion, on April 14, 2009, but requesting the same relief as before — leave to amend his complaint. In this motion, however, Mitchell explained that he would drop his claims against St. Croix Alumina and also abandon his demand for punitive damages from Alcoa. He also attached a copy of his proposed amended complaint to his motion. The reason for requesting leave to make these changes was, Mitchell

---

[1] Mitchell titled these papers as a sur-reply and a sur-rebuttal. *But cf. Der Weer v. Hess Oil V.I. Corp.*, 64 V.I. 107, 122 (Super. Ct. 2016) (explaining the sequence of motion papers as motion, response, reply, surresponse, and surreply).

explained, based on decisions another Superior Court judge had made regarding the same three motions, but in another case, *Erwin LaBast v. Lockheed Martin Corporation, et al.*, SX-07-CV-502. Judge Francis J. D'Eramo had granted St. Croix Alumina's Motion to Dismiss in *LaBast* and granted in part and denied in part both Alcoa's motion to dismiss and LaBast's motion to amend. In response, Mitchell proposed to amend his complaint to conform to the decisions Judge D'Eramo made regarding LaBast's complaint. None of the defendants filed a response, either in support of or in opposition to Mitchell's April 14, 2009 motion to amend his complaint.

A week later, Presiding Judge Donohue issued an order and *sua sponte* transferred *Mitchell* to Judge D'Eramo for all further proceedings. The Order, dated April 22, 2009, but not entered until April 24, 2009, noted that *Mitchell* "involve[d] the same parties and require[d] resolution regarding the same legal issues" as *LaBast*, so "in the interest of judicial economy, [and] to avoid unnecessary delay," Judge Donohue transferred *Mitchell* to Judge D'Eramo. See also *In re: Alumina Dust Claims*, 67 V.I. 172, 176 (Super. Ct. 2017) for additional background. Judge D'Eramo unexpectedly passed away shortly after the order was issued. To reduce the impact caused by his sudden death, Judge Donohue, in his capacity as Presiding Judge of the Superior Court, designated Judge Edgar D. Ross as a senior sitting judge and reassigned all of Judge D'Eramo's cases to Judge Ross until a successor judge could be nominated and confirmed. Judge Ross then granted Mitchell's April 14, 2009 motion by order dated May 22, 2009 and entered May 27, 2009. The Order directed that Mitchell serve his amended complaint on the Defendants within ten days. However, the order did not state whether Mitchell would also file a copy of his amended complaint or whether the court should deem as filed the proposed amended complaint that Mitchell had attached to his motion.

As noted, because a number of cases were pending in the Superior Court with similar claims against the same or similar parties, all of which alleged workplace exposure to toxic dust at the former alumina refinery, Judge Ross, in May 2009, approved a proposed stipulated case management that the parties had filed in *LaBast*. The Case Management Order directed that a master case file and docket be opened and designated *In re: Alumina Dust Claims* and that all of the individual cases be consolidated under the master case. However, that Order was not fully

implemented, in part because Judge D'Eramo had taken the lead in coordinating the cases that would later be consolidated under *Alumina Dust Claims*. But Judge Donohue, again in his capacity as presiding judge, later issued an order, entered April 20, 2011, and directed the Clerk's office to designate LaBast's case number as the master case number and also to reassign all of the individual cases consolidated under the master case to the undersigned judge, who had been nominated and confirmed as a Superior Court judge by then.[2]

A few months after all of the individual cases, including *Mitchell*, were formally reassigned to the undersigned judge, this Court issued an order, entered August 29, 2011, and scheduled a pre-trial conference for October 27, 2011, but only in *Mitchell*. Mitchell responded to that order on October 24, 2011, and explained that his case was consolidated under *Alumina Dust*. Yet, even though the other *Alumina Dust* cases involved companies such as Lockheed Martin Corporation and its corporate predecessors (none of whom had been sued by Mitchell) Mitchell still requested that the Court continue the pre-trial conference for his case because in the other cases where Lockheed Martin was named as a defendant, motions for summary judgment were pending. Further, though Lockheed Martin was not a defendant in this case, Mitchell explained that the parties (presumably himself and St. Croix Alumina, Alcoa, and General Engineering Corporation) had "agreed to hold up discovery until the Lockheed Martin [m]otion for [s]ummary [j]udgment is resolved, as same may impact the case[ ] at bar." (Pl.'s Resp. to Ct. Order of 10-7-2011 at 2, filed Oct. 24, 2011 (hereinafter "Response").) Counsel for Mitchell then represented in the October 24, 2011 response that counsel for Alcoa joined in his request for a continuance. *See id.* None of the other defendants responded, either in support or in opposition. However, before Mitchell had filed his October 24, 2011 response, the Court had already issued an order *sua sponte* and vacated the pre-trial hearing. But the Order, dated October 19, 2011, was not entered until October 27, 2011, after Mitchell had already filed his motion.

---

[2] For reasons unrelated to any of the motions at issue here, this Court recently modified the portion of the April 20, 2011 Order that designated *LaBast* as the master case and directed the Clerk's Office to assign a new case number to the *Alumina Dust* master case. *See generally Alumina Dust Claims*, 67 V.I. 172.

The only subsequent action in this case was a stipulation that Mitchell filed on April 13, 2012 to dismiss his claims against General Engineering Corporation, which this Court approved by order entered April 26, 2012. According to the file, the following motions are still pending: St. Croix Alumina's January 8, 2008, motion to dismiss; Alcoa's November 14, 2008, motion to dismiss; Mitchell's request within his November 20, 2008 opposition to amend his complaint; and Mitchell's request within his October 24, 2011 response to continue the October 27, 2011 pretrial conference and stay his case until Lockheed Martin's motions are ruled on in the other *Alumina Dust* cases.

## DISCUSSION

■ The Court begins with the premise that all motions remain pending "until 'ruled upon, dismissed, or withdrawn.' " *Der Weer v. Hess Oil V.I. Corp.*, 60 V.I. 91, 98 (Super. Ct. 2014) (quoting 56 AM. JUR. 2D *Motions, Rules, and Orders* § 31 (2010)). To withdraw a motion, court approval generally is not required nor is consent of the other parties. *Cf. State v. Super. Ct.*, 180 Ariz. 384, 884 P.2d 270, 271 (1994) ("Just as a trial court cannot prevent the prosecution from dismissing charges against a criminal defendant, a juvenile court cannot prevent the prosecution from withdrawing a motion to transfer for prosecution as an adult."); *McReynolds v. Burlington & Ohio River Rwy Co.*, 106 Ill. 152, 158 (1883) ("There is nothing to preclude a party from withdrawing a motion he may have made, whether for a new trial, or of other character; and the consenting to the motion by the opposite party would make no difference."); *In re: Stoute v. City of New York*, 91 A.D.2d 1043, 458 N.Y.S.2d 640, 641 (1983) ("A motion which is withdrawn in the presence of the court is no longer pending even in the absence of the entry of an order. The effect of a withdrawal of a motion is to leave the record as it stood prior to its filing as though it had not been made." (citations and emphasis omitted)); *Hammons v. Table Mt. Ranches Owners Ass'n, Inc.*, 2003 WY 85, 72 P.3d 1153, 1157 (Wyo. 2003) ("A motion withdrawn leaves the record as it stood prior to the filing of the motion, i.e., as though it had not been made." (citations omitted)); *Rogers v. Clinton*, 794 S.W.2d 9, 11 (Tex. 1990) (citations omitted) (recognizing that the right to file a motion also implies a right to withdraw the motion at any time before it is decided). Yet, even if a motion is still pending — because the party who filed it has not withdrawn it or because the court has not yet ruled on it

277

— subsequent events can have rendered the motion moot. *Cf. Der Weer*, 60 V.I. at 98-99 ("A motion becomes moot when something occurs after a motion is filed that resolves the issues raised in that motion. . . . In that instance, the motion should be dismissed or denied as moot because a decision will have no practical impact in the case however the court decides the motion." (internal citations omitted)). Similarly, a motion can also be deemed withdrawn based on certain actions or inactions of the party who filed the motion. *Cf. Rogers v. City of New York*, 20 Misc. 3d 1141(A), 872 N.Y.S.2d 693, 2008 N.Y. Misc. LEXIS 5321, at *2 (2008) (filing duplicate motion) ("TAMS/EarthTech, Inc. also moves by separate motion for the same relief. In light of the fact that the TAMS/EarthTech, Inc., motion is duplicative, it is deemed withdrawn."); *Putnam Cty. v. Putnam Comm. Found.*, 42 Misc. 3d 1236(A), 986 N.Y.S.2d 868, 2014 N.Y. Misc. LEXIS 1085, at *3-4 (2014) (defendant dismissed by stipulation) ("By virtue of the parties' . . . Stipulation . . . Putnam Hospital Center is no longer in this action, its motion to dismiss . . . is deemed withdrawn."); *Canegata v. Schoenbohm*, SX-16-CV-324, 2016 V.I. LEXIS 147, at *5 n.3 (Super. Ct. Sept. 19, 2016) (failure to object to prior order notifying movant that motion would be deemed withdrawn) ("As noted in a prior order, in light of Defendant . . . filing this instant Motion, the Court will treat his previous motion to dismiss, filed on May 25, 2016, as withdrawn."). *See also Dada v. Mukasey*, 554 U.S. 1, 18, 128 S. Ct. 2307, 171 L. Ed. 2d 178 (2008) (motion deemed withdrawn by compliance with order) ("[T]he alien who is granted voluntary departure but whose circumstances have changed in a manner cognizable by a motion to reopen is between Scylla and Charybdis: He or she can leave the United States in accordance with the voluntary departure order; but, pursuant to regulation, the motion to reopen will be deemed withdrawn."); *United States v. Edwards*, 563 F. Supp. 2d 977, 994 (D. Minn. 2008) (failing to present facts or arguments in motion) ("[I]n seven motions, defendant offered neither facts nor legal argument to support his claims, suggesting to this Court that either that he has waived or abandoned the motions or that they were frivolous.").

Here, four motions are technically still pending. But, as explained further below, Mitchell's motion to amend and Alcoa's motion to dismiss must be deemed withdrawn. While St. Croix Alumina's motion to dismiss could be dismissed as moot, the Court will nonetheless grant it, so that the record is clear. Lastly, Mitchell's request to cancel the hearing will be denied as moot and his request to continue this matter denied.

## A. Mitchell's Motion to Amend

■ Regarding Mitchell's first Motion for Leave to Amend, the Court deems this motion withdrawn. Mitchell filed this motion in response to — and in fact within his response to[3] — Alcoa's Motion to Dismiss. Courts have discretion to grant parties leave to amend their pleadings. *Harvey v. Christopher*, 55 V.I. 565, 577 (2011). But courts are not required to grant leave if the amendments will be futile. *St. Croix, Ltd. v. Shell Oil Co.*, 60 V.I. 468, 478 n.4 (2014) (citations omitted). Here, Mitchell's request has already been granted — at least so far as the Court can discern — so granting his first motion to amend would be pointless.

To explain, Mitchell first sought leave to amend his complaint to clarify his claims against Alcoa, specifically to allege "that during the period [that] Alcoa, Inc.'s subsidiary, St. Croix Alumina, LLC owned and operated the premises, Alcoa, Inc. was in control of all safety programs at the premises and negligently failed to enforce its safety policies." (Pl.'s Opp'n to Mot. to Dismiss & Mot. to Amend. 2, filed Nov. 20, 2008.) After Judge D'Eramo issued his decisions in *LaBast*, Mitchell responded by filing another motion for leave to amend his complaint, but without withdrawing the first motion. Through this second motion, Mitchell agreed to "dismiss (eliminate) St. Croix Alumina on the basis of *this Court's* Order of June 12, 2008" and also to "drop" his demand for punitive damages from Alcoa "pursuant to *this Court's* Order of March 19, 2009," both issued in *LaBast*. (Pl.'s Mot to Am. Compl. 1, filed Apr. 14, 2009 (emphasis added).)

■■ By referring to "this Court's" decisions, Mitchell assumed that his case would be transferred or reassigned to Judge D'Eramo, who would presumably rule the same way here as in *LaBast*. Mitchell may have also believed that Judge Donohue would rule the same way as Judge D'Eramo had. But that is not necessarily correct. "The same judge need not decide the same issue the same way as in an earlier case." *Der Weer*, 60 V.I. at 101 (citing *Gov't of the V.I. v. Connor*, 60 V.I. 597, 605 n.1 (2014)). While the decision of one Superior Court judge is certainly persuasive on the other Superior Court judges, it does not constitute "binding precedent on other Superior Court judges." *In re Q.G.*, 60 V.I. 654, 661 n.8 (2014)

---

[3] How Mitchell filed his motion to amend could provide another basis for dismissing it. *Cf. Goodwin v. Fawkes*, 67 V.I. 104, 130 n.19 (Super. Ct. 2016) ("Commingling arguments against one motion with arguments in a support of another motion in the same motion paper is improper.").

(citation omitted). Further, at the time when Mitchell filed his second motion to amend, Judge Donohue had not yet transferred this case to Judge D'Eramo and by the time the transfer order was entered and the case was reassigned, Judge D'Eramo has passed away. Yet Mitchell did not file a motion and request that Judge Donohue rescind his transfer order or ask that Judge Donohue reassign this case to another judge in his capacity as presiding judge. Mitchell also did not withdraw his second motion to amend after Judge Donohue designated Judge Ross as a senior sitting judge. Thus, any of the Superior Court judges to whom *Mitchell* was assigned and then reassigned may have decided St. Croix Alumina's motion or Alcoa's motion differently than Judge D'Eramo did.[4] However, by filing his second motion to amend, Mitchell agreed to dismiss his claims against St. Croix Alumina, dismiss count one against Alcoa, and drop his demand for punitive damages from Alcoa. Once that motion was granted, Mitchell effectively withdrew his prior motion to amend. The time to seek reconsideration has long since passed. Hence, the Court deems Mitchell's first motion to amend withdrawn.

### B. Alcoa's Motion to Dismiss

Likewise, the Court also finds that Alcoa's Motion to Dismiss Mitchell's complaint for failure to state a claim must be deemed withdrawn, even though Alcoa has not formally withdrawn its motion and notwithstanding that this Court has yet to rule on it. Alcoa moved to dismiss Mitchell's complaint for failure to state a claim for relief.[5] As discussed above, another judge had granted an identical motion in part

---

[4] Judge D'Eramo granted St. Croix Alumina's motion to dismiss in *LaBast* because LaBast was once an employee of St. Croix Alumina and Virgin Islands law bars personal injury claims by employees against their employers. *See* 24 V.I.C. § 284(a). LaBast's employment history was presented to the court by materials outside the pleadings, which St. Croix Alumina attached to its reply. (*See* Order 1 n.1, entered June 13, 2008, *LaBast v. Lockheed Martin Corp., et al.*, SX-07-CV-502 ("His status as an employee is demonstrated both by a fair reading of the Complaint and by deposition testimony given by LaBast in the case of *Henry v. SCA, et al.*, case no. 0036/99, in the . . . District Court of the Virgin Islands, Division of St. Croix, portions of which are attached as an exhibit to SCA's Reply in Support of its Motion to Dismiss this case.").) St. Croix Alumina certainly argued in its January 8, 2008 motion to dismiss Mitchell's claims that Mitchell too was once its employee. But, unlike in *LaBast*, St. Croix Alumina did not attach matters outside the pleadings from this case to show that Mitchell was once its employee.

[5] Technically, because Alcoa had already answered Mitchell's complaint when it filed its motion to dismiss, the Court would have to construe Alcoa's dispositive motion as a motion

and denied it in part. *See generally LaBast v. St. Croix Alumina*, SX-05-CV-702, 2009 V.I. LEXIS 39 (Super. Ct. Mar. 17, 2009). In deciding that motion, the court also decided a motion that LaBast (like Mitchell) had filed in response to Alcoa's motion to dismiss, for leave to amend his complaint. *See id.* 2009 V.I. LEXIS 39, at *1-2. One change LaBast proposed was to add a paragraph to his complaint, alleging that "Alcoa conducted safety audits during the years that its subsidiary, St. Croix Alumina, LLC, operated and established and controlled safety procedure for the operation of the alumina process plant." *Id.* 2009 V.I. LEXIS 39, at *4. The *LaBast* Court found that, even if this allegation were added, count one still failed to state a claim for relief against Alcoa because LaBast's complaint failed "to allege that Alcoa specifically undertook to warn Plaintiff of the results of such [safety] audits." *Id.* 2009 V.I. LEXIS 39, at *7. Relying on a decision of the United States District Court for the Eastern District of Pennsylvania, the court concluded that "the foreseeability of injury in the absence of a duty to prevent that injury, is an insufficient basis on which to rest liability" because the plaintiff must also prove not just that the harm was foreseeable, but also "the existence of a legal 'duty' owed by the defendant to the plaintiff in order for the plaintiff to recover." *Id.* (citing *Sheridan v. NGK Metals Corp.*, No. 06-5510, 2008 U.S. Dist. LEXIS 40926 (E.D. Pa. May 22, 2008)). The court granted Alcoa's motion to dismiss as to count one, but denied the motion as to counts two and three, finding the factual allegations of the original complaint sufficient to state claims for supplying a chattel dangerous for the intended use and product liability. *See id.* 2008 U.S. Dist. LEXIS 40926, at *8-9. Since the only count that alleged that Alcoa had acted with "evil motive or outrageous indifference" was dismissed, *id.* 2008 U.S. Dist. LEXIS 40926, at *9 (citations omitted), the court also dismissed LaBast's punitive damages "claim" as to Alcoa.[6] *See id.* at *9-10. Finally, the court granted LaBast's motion to amend, except

---

for judgment on the pleadings. *See* FED. R. CIV. P. 12(c) (applicable via SUPER. CT. R. 7 when Alcoa filed its motion); *accord Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 565 (2012) (post-answer motion should be treated as motion for judgment on the pleadings).

[6] The court in *LaBast* treated punitive damages as a claim, *see LaBast*, 2009 V.I. LEXIS 39, at *10, which is also how LaBast labeled it in his complaint (as count four). However, precedent has since clarified that punitive damages, like any other form of damages, "is not a separate cause-of-action, but rather a demand for a certain type of damages." *Der Weer*, 60 V.I. at 95 n.1 (citing *Anthony v. FirstBank V.I.*, 58 V.I. 224, 227 n.4 (2012)).

as to certain paragraphs, and set a deadline for him to file his amended complaint. *See id.* 2008 U.S. Dist. LEXIS 40926, at *10.

■ As discussed above, Judge D'Eramo's decision in *LaBast* was not controlling in this case and Judge Donohue (or later Judge Ross) could have ruled differently. Yet, Mitchell nonetheless moved to amend his complaint to conform it to Judge D'Eramo's ruling in *LaBast*. Alcoa did not file a response. That is, Alcoa did not voice any objection to the way Mitchell proposed "fixing" the allegations against Alcoa in his complaint, something Alcoa did do when Mitchell first moved to amend his complaint. (*See generally* Def. Alcoa's Reply in Supp. of Mot. to Dismiss & Opp'n to Pl.'s Mot. to Amend. 2, filed Jan. 28, 2009 ("Here, because even after the proposed amendment each cause of action would still fail to state a claim, the Court should deny Plaintiff leave to amend, and instead dismiss Plaintiff's Complaint.").) Courts may take into consideration a party's failure to respond to a motion. *Cf. Grunley Constr. Co. v. District of Columbia*, 704 A.2d 288, 291 (D.C. 1997) ("Given the lack of opposition at that point, it was not inappropriate for the court to treat the issue as conceded or waived."). Failure to oppose a motion does not necessarily mean the motion will be granted, however. *Cf. Halliday v. Footlocker Specialty, Inc.*, 53 V.I. 505, 512 n.11 (2010) ("[A] litigant's failure to submit an opposition to a motion for summary judgment does not grant the Superior Court the authority to grant summary judgment without performing its own independent legal analysis.") (citing *Anchorage Assoc. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168 (3d Cir. 1990)); *Joseph v. Church of God (Holiness) Acad.*, 47 V.I. 419, 421 n.1 (Super. Ct. 2006) ("Defendants' motion will be granted as it was unopposed *and* such leave shall be freely given when justice so requires."); *see also Gallagher v. Gallagher*, 866 P.2d 123, 125 (Alaska 1994) ("The fact that a motion is uncontested does not mean that it must be granted as a matter of right." (citations omitted)). Similarly, failure to oppose a motion also does not require that the court deem the motion conceded. *Accord Hodge v. V.I. Water & Power Auth.*, 55 V.I. 460, 463 (Super. Ct. 2011) ("[T]he Court is not prohibited from deciding a motion without receiving a response; nevertheless, that is a far cry from the Court deeming that the original motion has been conceded due to the lack of a response."). *But cf. Brennan v. Roman Cath. Diocese of Syracuse, N.Y.*, 965 F. Supp. 2d 234, 245 n.5 (N.D.N.Y. 2013) (" 'Where a properly filed motion is unopposed and the Court determines that the moving party has met its

burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting of the motion unless good cause be shown.' " (ellipses omitted) (quoting parenthetically N.D.N.Y LOCAL R. 7.1(b)(3)) (citing *Zuk v. Onondaga Cty.*, 09-cv-0272, 2011 U.S. Dist. LEXIS 104037, at *4 nn.1-3 (N.D.N.Y. Sept. 14, 2011)). Here, however, the Court finds that Alcoa's failure to respond in opposition to Mitchell's second motion to amend was tantamount to consenting to it.

■ At the time when Mitchell filed his second motion to amend, the Superior Court routinely applied the Local Rules of Civil Procedure promulgated by the District Court of the Virgin Islands through Superior Court Rule 7. *Cf. Vanterpool v. Gov't of the V.I.*, 63 V.I. 563, 576-82 (2015) (discussing background, application, and continued viability of Superior Court Rule 7). The rules in effect in 2009 when Mitchell filed his second motion to amend provided that courts "may . . . treat a non-dispositive motion as conceded" if the motion is unopposed. LCRI 7.1(g), *reprinted in* V.I. Ct. R. Ann. (2009 ed.), *rescinded by In re: Amend. to Local R. of Civ. P.*, Misc. No. 2003-06, 2009 U.S. Dist. LEXIS 134081, at *1-3 (D.V.I. June 5, 2009) (amending Rule 7.1 to omit subsection (g)). By failing to oppose Mitchell's second motion to amend, Alcoa essentially consented to the amendments Mitchell was proposing. By not renewing the motion to dismiss as to the amended complaint, Alcoa essentially abandoned it. *Cf. Jernigan v. Crane*, 64 F. Supp. 3d 1260, 1264 n.1 (E.D. Ark. 2014) ("Because Mr. Crane did not renew his motion to dismiss after plaintiffs filed their amended complaint, the Court denies Mr. Crane's motion as moot." (internal citations omitted)); *Yattoni v. Oakbrook Terrace*, 801 F. Supp. 140, 145 (N.D. Ill. 1992) ("All defendants answered the Amended Complaint. Waukegan Defendants did not renew their Rule 12(b)(6) motion to dismiss, which Yattoni's new pleading had of course made moot."). Accordingly, the Court deems Alcoa's motion to dismiss withdrawn based on Alcoa failure to oppose Mitchell's second motion to amend his complaint and failure to renew its motion as to the amended complaint.

### C. St. Croix Alumina's Motion to Dismiss

Unlike Mitchell's motion to amend and Alcoa's motion to dismiss, the Court cannot find that St. Croix Alumina's motion to dismiss is moot or should be deemed withdrawn, in that St. Croix Alumina has yet to be

formally dismissed from this case. In his second motion to amend, Mitchell represented that he would "dismiss" or "eliminate" his claims against St. Croix Alumina. But the Order that granted this motion did not expressly state that St. Croix Alumina was dismissed from this case. In addition, while the proposed amended complaint Mitchell attached to his motion did omit St. Croix Alumina, St. Croix Alumina's dismissal is not sufficiently clear. Assuming that the amended complaint Mitchell filed is the pleading that now controls this case (notwithstanding that Mitchell did not file (or refile) another copy once his motion was granted), the version he attached to his motion, even with the amendments, is still deficient.

■ Mitchell agreed to amend his complaint to mirror the changes LaBast made to his own complaint. The problem is that the complaint Mitchell filed mirrors LaBast's complaint too much. That is, Mitchell included more allegations in his complaint than he should have. While Mitchell dropped St. Croix Alumina as a defendant from both the caption and the body of his complaint, he also added (perhaps inadvertently) allegations against Lockheed Martin Corporation, Martin Marietta Corporation, Martin Marietta Aluminum, Inc., and Martin Marietta Aluminum Properties, Inc., companies the other *Alumina Dust* plaintiffs had sued, but not Mitchell. Further, Mitchell had also agreed to drop count one as to Alcoa and to drop his demand for punitive damages from Alcoa, again both in response to the ruling in *LaBast*. *Cf. LaBast*, 2009 V.I. LEXIS 39, at *10. Yet, the amended complaint Mitchell attached to his motion does not sufficiently clarify that count one is no longer pending against Alcoa.

Out of an abundance of caution, and to avoid further confusion, the Court will order Mitchell to correct these errors in his complaint and refile it. *Cf. Gibbs v. Lemley*, 33 Ohio App. 2d 220, 293 N.E.2d 324, 325 (1972) (" '[T]he caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption.' " (quoting *Hoffman v. Halden*, 268 F.2d 280, 303-04 (9th Cir. 1959)); *see also Abecassis v. Wyatt*, 902 F. Supp. 2d 881, 911 (S.D. Tex. 2012) ("Although the caption may serve as a guide, courts look to the body of the complaint to determine the parties." (citations omitted); *accord Johnson Cty. Develop. Supports v. Kan. Dep't of Soc. & Rehab. Servs.*, 42 Kan. App. 2d 570, 216 P.3d 658, 664 (2009) ("[A]n appellant's designation of the case caption does not determine the

parties to an appeal." (citation omitted)). Also, since St. Croix Alumina will be formally dismissed by separate order, and since the Court previously approved the stipulation Mitchell filed to dismiss his claims against General Engineering Corporation, the only defendant left in this case now is Alcoa. Hence, the Court will exercise its inherent authority and *sua sponte* order Mitchel to replead his remaining claims in addition to correcting the errors noted above. *See* SUPER. CT. R. 8 ("The court may amend any . . . pleading for any . . . defect therein."). *Cf. Bush v. Bank of N.Y. Mellon*, 313 Ga. App. 84, 720 S.E.2d 370, 375 (2011) ("[W]hen confronted with a shotgun complaint, a trial court should order the plaintiff to give a more definite statement of his claims, even if the defendant does not ask for one." (citation omitted)); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998) ("[C]ourts have the inherent authority to demand repleader *sua sponte*."); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997) ("[I]t is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation. . . . Experience teaches that when district courts abdicate this responsibility, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." (citations and quotation marks omitted)).

 Leave to replead does not imply leave to supplement or amend, however. That is, Mitchell may not assert new or different claims or allege new or different facts in his revised amended complaint. Rather, leave to replead is granted here only to allow Mitchell to "clean up" his complaint by removing dismissed defendants and dropped demands as well claims that are no longer at issue.[7]

---

[7] *Cf. Bush*, 720 S.E.2d at 375 ("A shotgun complaint . . . often contains several counts, each one incorporating by reference the allegations of its predecessors, leaving to a situation where most of the counts contain irrelevant factual allegations and legal conclusions, [or it] combines multiple claims together in one count, and buries material allegations beneath innumerable pages of rambling irrelevancies. . . . Such pleadings not only harm the litigants who must answer them, but they harm the court by impeding its ability to administer justice." (quotation marks, citations, and ellipsis omitted)). Count one of Mitchell's complaint read like a hodge-podge of multiple, conflicting causes of action. Both the complaint and the amended complaint purported to state within the same count claims for negligence, gross

285

### D. Mitchell's Motion for a Continuance

The last motion is a request Mitchell made in his October 24, 2011 Response on his own behalf and on behalf of Alcoa to cancel the October 2011 pre-trial hearing and (although not in so many words) to also stay this matter or hold it in abeyance until the motions that Lockheed Martin filed in the other *Alumina Dust* cases have been ruled on. Although Mitchell titled this paper as a "response," he also included a request, so the Court will construe his Response as a motion. *Cf. Der Weer v. Hess Oil V.I. Corp.*, 64 V.I. 107, 128-29 (Super. Ct. 2016) ("Any application — whether orally or in writing — made to a court or judge for the purpose of obtaining a ruling or order directing some act to be done in favor of the applicant in a pending case is a motion." (quotation marks, brackets, and citation omitted)). That said, Mitchell's request to cancel the October 2011 hearing was rendered moot once the Court cancelled the hearing on

---

negligence, recklessness and intentionally wrongful acts. Whether negligence and gross negligence are the same or different causes of action is an unsettled question in the Virgin Islands. *Compare Cooper v. Bank of Am.*, TDC-14-3674, 2015 U.S. Dist. LEXIS 112539, at *4 (D. Md. Aug. 21, 2015) (applying Maryland law) ("Cooper asserts a claim of 'gross negligence.' Cooper, as a layperson, may be unaware that there are different causes of action for gross negligence and for negligence." (citations omitted)); *Bentson v. Brown*, 191 Wis. 460, 211 N.W. 132, 133 (1926) ("In the present case we have the same parties in their same qualities, but we have a different cause of action. The first action was upon ordinary negligence. This cause of action is upon gross negligence. Ordinary negligence and gross negligence are not the same, and in our state do not grade into each other. The former lies in the field of inadvertence; the latter in the field of an actual or constructive intent to injure." (citations omitted)), *with Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 950-51 (Tex. Ct. App. 1990) ("We agree that gross negligence may be tried and determined separately from negligence . . . . However, we do not agree that gross negligence is a separate and independent cause of action." (citations omitted)). *See also Cavalli v. Port of $ale, Inc.*, Civ. No. 2012-09, 2014 U.S. Dist. LEXIS 20192, at *7 (D.V.I. Feb. 19, 2014) (implying that negligence and gross negligence may be separate claims) ("[T]he first amended complaint does not list separately the causes of action within each count. As such, both 'negligence' and 'gross negligence' are alleged within the same paragraph each time they appear in Count Five."). More importantly, however, negligence necessarily "excludes the idea of intentional wrong and when 'a person wills to do an injury, he ceases to be negligent.' " *Broom v. Wilson Paving & Excavating, Inc.*, 2015 OK 19, 356 P.3d 617, 629 (Okla. 2015) (quoting *St. Louis & San Francisco R.R. Co. v. Boush*, 1918 OK 367, 68 Okla. 301, 174 P. 1036, 1040 (1918)). At this juncture, determining what claims Mitchell tried to allege in count one is no longer a concern since Mitchell agreed to drop this count (including whatever "sub-claims" were asserted within it) when he moved to amend his complaint in conformity with the decision in *LaBast*. Nonetheless, the Court cautions that while a plaintiff may plead different, even inconsistent, claims in the alternative, and also pursue alternate theories of relief, each count in a complaint should state only one claim or cause of action.

its own, notwithstanding that the order was not entered until after Mitchell had already filed his response. However, his other request, a more general request to stay this case essentially — that request is not moot. But the Court cannot grant it or permit this case to continue under a *de facto* stay.

■ The motions Lockheed Martin filed for summary judgments are still pending in the other *Alumina Dust Claim* cases, in part because those motions were mistakenly filed within the master case, an error which the Clerk's Office has since corrected. *Cf. Alumina Dust Claims*, 67 V.I. 172. But more importantly, granting or denying summary judgment as to Lockheed Martin in the other *Alumina Dust* cases would have no bearing on whether Mitchell (or any of the other *Alumina Dust* plaintiffs for that matter) has a viable claim against Alcoa. Mitchell explained in his Response that "[w]ith the filing of [the] Summary Judgement [motions] discovery was held in abeyance pending the Court's rulings." (Pl.'s Resp. 2.) But filing a motion does not stay discovery, suspend deadlines, or automatically excuse the movant from complying with prior court orders. *Cf. Fannie Mae v. Hurst*, 1:13-cv-399, 2014 U.S. Dist. LEXIS 139652, at *5 (S.D. Miss. Oct. 1, 2014) ("[M]erely filing a motion does not affect any deadline imposed, and so the defense of this case should have proceeded."); *New Mexico ex rel. Balderas v. Valley Meat Co., LLC*, Civ. 14-1100, 2015 U.S. Dist. LEXIS 175064, at *100 (D.N.M. Dec. 14, 2015) ("Filing a motion does not impose a stay." (citation omitted)); *Pembroke v. City of San Rafael*, C-92-1869, 1994 U.S. Dist. LEXIS 11308, at *3 n.1 (N.D. Cal. Aug. 1, 1994) ("The pendency of a motion for summary judgment does not stay activity in a case."); *accord Remak v. V.I. Water & Power Auth.*, ST-15-CV-662, 2016 V.I. LEXIS 97, at *7 (Super. Ct. July 18, 2016) ("While the Court is not foreclosing the possibility of staying discovery in appropriate circumstances, the Court is reluctant to adopt a standard which requires the staying of discovery pending dispositive motions."). Notwithstanding any confusion or ministerial mistakes that may have occurred within regarding which case number was assigned to the master case and which case files certain papers should have been placed in, *cf. Alumina Dust Claims*, 67 V.I. at 181-182, the Case Management Order that created the *Alumina Dust Claims* master case — which the parties submitted — does not provide that discovery will be stayed whenever a dispositive motion is filed. What's more, none of the parties (including the *Alumina Dust* plaintiffs) ever filed a motion in the master case, or in any of the individual cases,

to stay discovery until Lockheed Martin's summary judgment motions were ruled on. That is, no one except Mitchell.

■■ ■ Having considered the circumstances of this case, the Court concludes that it must be removed from the *Alumina Dust* master case. As this Court previously explained:

> A master case is not really a case, not in the true sense. Summons does not issue in a master case. The master case does not proceed to trial. Judgment is not entered in a master case. A master case cannot be dismissed on motion. Rather, a court opens a master case as a judicial convenience so that multiple cases with similar claims or parties can be coordinated under a common case file and docket and litigation streamlined and simplified. A master case closes when it has served its purpose. That is, when the reason it was opened — whether to coordinate pre-trial discovery or to streamline pre-trial motion practice — has ended, the master case ends too. *Id.* at 195 (internal citations omitted).

Here, allowing this case to remain consolidated with the other cases under a master case would be counterproductive and perhaps also be a disservice to all of the cases. Mitchell has only two claims remaining against only one defendant. In contrast, in the other individual cases, the plaintiffs have multiple claims pending against multiple defendants, including Lockheed Martin. Yet, based on Mitchell's representations in his Response, all of the parties have deferred discovery in all of the cases because Lockheed Martin's motions are pending. To allow *Mitchell* to remain consolidated under the *Alumina Dust* master case will only result in further delay. Mitchell's Response, construed as a motion, must be denied.

## CONCLUSION

For the reasons stated above, the Court deems Plaintiff Cyril Mitchell's Motion to Amend his Complaint withdrawn based on a later motion to amend, which was granted. The Court also deems Defendant Alcoa, Inc.'s Motion to Dismiss withdrawn because Alcoa did not oppose Mitchell's second Motion to Amend and also did not renew its motion once Mitchell was given leave to amend. The Court does not find that Defendant St. Croix Alumina's Motion to Dismiss should be deemed withdrawn or denied as moot. So that the record is clear, the Court will grant this motion,

288

but only based on the representations Mitchell made in his Second Motion to Amend, agreeing to dismiss his claims against this defendant. Additionally, even though Mitchell already amended his complaint, the amended complaint he submitted contains extraneous allegations, refers to parties Mitchell never sued, and fails to clarify that certain counts, defendants, and demands are no longer at issue. Thus, the Court will order Mitchell to replead his complaint to address these issues. Lastly, the Court will construe the response Mitchell filed as a motion. His request to cancel the hearing will be denied as moot and his request to stay this matter will be denied in light of the *de facto* stay the parties imposed. This case will be removed from the master case and allowed to proceed separately. An appropriate order follows.